Andrew W. Shalaby sbn 206841
7525 Leviston Ave
El Cerrito, CA 94530
Tel. 510-551-8500
Fax: 510-725-4950
email: andrew@eastbaylaw.com

Attorney for Plaintiff
Kurtis M. Bailey

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| KURTIS M. BAILEY,<br><br>                Plaintiff,<br><br>   vs.<br><br>BERNZOMATIC, an Unincorporated Division of IRWIN INDUSTRIAL TOOL COMPANY; WORTHINGTON CYLINDER CORPORATION; WORTHINGTON INDUSTRIES, INC.; IRWIN INDUSTRIAL TOOL COMPANY; NEWELL OPERATING COMPANY, INC., DOES 1 THROUGH 50 INCLUSIVE;<br><br>                Defendants. | Case Number:<br><br>(Related: 2:16-cv-00848-JAK-RAO)<br><br>Demand for Jury Trial |

**NOTICE OF RELATED CASE**

This case is related to the following case pending in this Court:

<u>Lindsay Marmont et al. v. Bernzomatic, et al.</u>, 2:16-cv-00848-JAK-RAO as follows:

**Initial Complaint**                                   1                                     Case No.
                                                                                (Related: 2:16-cv-00848-JAK-RAO)

(a) This case and the related case involve the same product;

(b) This case and the related case involve the same defendants;

(c) the defects alleged in relation to the product are believed to be the same in both cases.

(d) the defense witnesses and experts are believed to be the same in both cases.

## I. JURISDICTION

This is a product defect action which aries in relation to 49 CFR § 178 et seq., aka "Dot 39" (government mandated safety requirements), and therefore falls under Federal Question jurisdiction, 28 U.S.C. § 1331. The amount in controversy exceeds $75,000 and the plaintiff and defendants are believed to reside in different states, therefore diversity jurisdiction also applies pursuant to 28 U.S.C. § 1332.

## II. VENUE

Based on information and belief plaintiff alleges that one or more of the components, including propane gas, a fuel cylinder, a torch tip, warning labels, and packaging, are produced in California, including locations in Los Angeles County. This Federal Court therefore presents the proper venue.

Venue is also asserted pursuant to 28 U.S.C. § 1404 in the interests of justice and judicial economy because, based on information and belief, Plaintiff asserts that there are approximately 16 defense percipient witnesses, six or more defense expert witnesses, and possibly four or more plaintiff expert witnesses which are likely the same individuals in both of the related cases. These witnesses are all expected to testify in the above-referenced related case, which was the first filed case, therefore in the interest of justice, for the convenience of the witnesses, and for the sake of judicial economy, Plaintiff respectfully requests that these two actions be coordinated or consolidated.

On March 9, 2016 Plaintiff inquired of all counsels in the above-referenced related action with regard to coordination and/or consolidation of these two actions,

**Initial Complaint**          2          **Case No.**
(Related: 2:16-cv-00848-JAK-RAO)

and received no objections from any party or party's counsel prior to filing of the action.

### III. PARTIES

1. Plaintiff, Kurtis M. Bailey (hereinafter "Plaintiff"), is a competent adult individual, and a resident of Winnebago, IL.

2. At all times relevant herein, Defendant, BERNZOMATIC, was an Unincorporated Division of IRWIN INDUSTRIAL TOOL COMPANY, and IRWIN INDUSTRIAL TOOL COMPANY was a subsidiary of NEWELL OPERATING COMPANY, INC. However, based on information and belief, Plaintiff alleges that WORTHINGTON CYLINDER CORPORATION, AND/OR WORTHINGTON INDUSTRIES, INC., purchased BERNZOMATIC approximately in July 2011. Based on information and belief, Plaintiff therefore alleges that BERNZOMATIC, IRWIN INDUSTRIAL TOOL COMPANY, NEWELL OPERATING COMPANY INC., WORTHINGTON CYLINDER CORPORATION; and WORTHINGTON INDUSTRIES, are at present one and the same overall business entity and defendant, and shall therefore hereinafter be jointly referenced as "BERNZOMATIC."

3. Based on information and belief, Plaintiff alleges that, of all of the corporate entities described above, the likely defendant corporate entity that owns BERNZOMATIC is WORTHINGTON CYLINDER CORPORATION, listed on the California Secretary of State's website as a corporation in "active" status, with entity number C1885932.

4. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants sued herein as DOES 1 through 50 inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave of the court to amend this complaint when the true names and capacities have been ascertained.

**Initial Complaint**     3     **Case No.**
(Related: 2:16-cv-00848-JAK-RAO)

## IV. SUBJECT PRODUCTS

5. Based On information and belief, Plaintiff alleges that at all times relevant herein BERNZOMATIC was the manufacturer and/or marketer and producer of a handheld torch, consisting of three components: (1) a fuel cylinder, (2) an ultra hazardous fuel (Propane or MAPP gas), and (2) a torch handle which mounted onto the cylinder, identified by part number "UL 2317 0913." These components shall jointly be referenced as the "subject torch," referring specifically to the torch products relevant to this action as further described below.

6. While the fuel cylinder in this action contained propane, this action seeks recall of several million defective cylinders, including seemingly identical metal cylinders containing a gas known as "MAPP" gas. All of these metal cylinders shall therefore be referenced throughout this complaint as "subject cylinders."

7. While the torch tip in this action is identified as "UL2317," this action includes another torch tip manufactured by Bernzomatic, known as the "TS 4000," and alleges that both of these torch tips contain the same defect. The defect is that these two torch tip designs include safety fracture groove features intended to cause the tip of the torches to break upon application of force in order to prevent the catastrophic breach and failure of the fuel cylinders, but in many instances these fracture groove features have failed, causing severe injuries and deaths. These torch tips also include a defective trigger-hold feature which allow the gas to emit from the tips while the user is holding the product by the fuel cylinder, also leading to several catastrophic failures, injury, and death. Both of these torch tip designs shall be referenced as the "subject torch tips" throughout this complaint.

**FIRST CAUSE OF ACTION FOR INJUNCTIVE RELIEF
(COMPLIANCE WITH 49 CFR 178 et seq.)**

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a FIRST cause of action as follows:

8. The subject fuel cylinders, ultra hazardous fuel, and torch tips, including their packaging, warning labels and disclosures, must comply with the requirements of 49 CFR section 178 et seq., also known as "Dot 39" requirements, imposed by the United States Federal Government. Based on information and belief, Plaintiff alleges that the above-described products failed to comply with 49 CFR 178 et seq. in several regards, including but not limited to the following:

(A) The subject cylinders must contain brazed seams which are assembled to proper fit to ensure "complete penetration of the brazing material throughout" all "brazed joins." The subject cylinders do not comply with this requirement.

(B) The subject cylinders must contain brazed seams which have "design strength equal to or greater than 1.5 times the maximum strength of the shell wall." The subject cylinders do not comply with this requirement.

(C) The subject cylinders must contain "welded seams which are properly aligned and welded by a method that provides clean, uniform joins with adequate penetration." The subject cylinders do not comply with this requirement.

(D) The subject cylinders contain material used for welded openings and attachments which are of "weldable quality and compatibility with material of the cylinder." The subject cylinders do not comply with this requirement.

(E) When "one cylinder taken from the beginning of each lot, and one from each 1,000 or less successively produced within the lot thereafter" is "hydrostatically tested to destruction" as mandated, the entire lot is rejected if ever a "failure initiates in a braze or a weld or the heat affected zone thereof. The subject cylinders do not comply with this requirement.

(F) When the test done above results in a failure occurring in any opening, reinforcement, or at a point of attachment, the entire lot is rejected and discarded. The subject cylinders do not comply with this requirement.

(G) The subject cylinders must otherwise comply with all "Dot 39" requirements

**Initial Complaint** 5 Case No.
(Related: 2:16-cv-00848-JAK-RAO)

and thus meet minimum required governmental safety requirements. The subject cylinders do not comply with this requirement.

9. Plaintiff suffered severe burn injuries on May 20, 2014 when the cylinder he was using had breached and failed. The failure of the cylinder owned by the plaintiff was the result of the failure of his cylinder, and generally, the subject cylinders, to comply with the requirements of 49 CFR § 178. The cylinder owned by the plaintiff was weak and substandard, causing the fuel cylinder to fail and breach upon contact of the tip of the torch with a solid object, while the fuel and emission lock was engaged on the torch tip. This resulted in a catastrophic failure which has caused severe burn injuries to the plaintiff in this action.

10. Plaintiff seeks recall of the subject fuel cylinder, and all of the subject cylinders, on behalf of himself and on behalf of the general public, under federal private Attorney General statute, and also under the private attorney general statutes of the States of California and Illinois.

11. Plaintiff is entitled to statutory attorney fees under the private attorney general statutes referenced above.

12. WHEREFORE, Plaintiff prays for a prohibitory injunction to be imposed upon BERNZOMATIC, and all the named defendants, to recall all of the defective cylinders, and comply wi 49 CFR § 178 et seq. in production and distribution of the above said products in interstate commerce and at all locations where sold and distributed throughout the United States and worldwide. Plaintiff further prays for actual damages in an amount of not less than $2,000,000, punitive damages according to proof a set forth below, statutory attorney's fees, costs of suit, and such other and further relief as this court deems proper.

### SECOND CAUSE OF ACTION FOR NEGLIGENCE
### (PRODUCTS LIABILITY)

Plaintiff incorporates by reference all of the general allegations and factual

**Initial Complaint**  6  **Case No.**
(Related: 2:16-cv-00848-JAK-RAO)

recitals contained above, and pleads as and for a SECOND cause of action, on information and belief, as follows:

13. The subject fuel cylinders, including the fuel cylinder which failed and severely injured the plaintiff, contain both design and manufacturing defects at the uppermost portion of the cylinders. The defects include but are not limited to an improper and substandard connection between the narrow thread assembly located at the top of the cylinder and the horizontal surface of the cylinder to which it attached, a defective design with a pressure relief valve that causes it to sometimes fail and lead to a catastrophic explosion of the cylinder, and poor quality of products and materials which sometimes lead to the production of cylinders which are incapable of withstanding the amount of force they were designed to withstand before breach. The most frequent and prevalent failures occur between the welded joining of the narrow thread assembly and the horizontal surface of the cylinder. There have been many such failures throughout the country and worldwide with these products produced by Bernzomatic.

14. The defects with the subject torch heads, including the torch head used by the plaintiff at the time of injury in this case, exist on the safety feature known as the "fracture groove" of the torch heads. The application of force to the tip of the torches was deemed a foreseeable event by Bernzomatic, and prompted the design and implementation of the fracture groove features in the torch heads. However, in every known incident of failure of the fuel cylinder upon the application of pressure to these torch tips, in the many cases and litigation materials in the possession of this plaintiff, the torch head fracture groove features have failed to fracture and prevent the catastrophic failure of these fuel cylinders. Many of these actual failed devices are posted on a website located at www.Bernzomaticinjuries.com .

15. Bernzomatic is aware of the existence of the above-described defects, and in the year 2008, by way of misrepresentation to a web hosting service, had a website

**Initial Complaint** 7 Case No.
(Related: 2:16-cv-00848-JAK-RAO)

"Bernzomaticinjuries.com" taken down. The holder of the domain was successful in putting the website back up, only to be met with a complaint filed on November 21, 2008 by Bernzomatic, which was filed with the "World Intellectual Property Organization Arbitration and Mediation Center" in Switzerland, in an effort to remove the website so that the public would not be made aware of these defects. The action was not successful, and further, establishes the actual knowledge and awareness of Bernzomatic of these defects, and failure to act and prevented the injuries in this case, and in the related case referenced above.

16. Bernzomatic failed to warn of the above-described defects.

17. Bernzomatic failed to disclose the above-described defects to the consumers.

18. Bernzomatic failed to cure the above-described defects and did not effectively recall the products. Bernzomatic partially recalled the fuel cylinders in the United States and Canada on January 17, 2012, but failed to take appropriate measures to bring the product defects to the attention of the consumer and the public. The recall was unreasonably silent.

19. Several of the torch tips produced by Bernzomatic appeared, visually, to have completely omitted the fracture groove feature, while the packaging in which the torch heads were marketed and sold contained photographs showing and describing the fracture groove feature on the back of the package.

20. As with the fuel cylinders, Bernzomatic knew of the defects with the torch heads, failed to warn the public and consumers, failed to recall the products, and severe injuries and deaths have resulted.

WHEREFORE, Plaintiff prays for judgment against all of the above named defendants for all damages suffered by Plaintiff as the result of the failure of his defective fuel cylinder and torch head product, in an amount of not less than $2,000,000, and further, for punitive damages based on malice and intentional failure

to act and failure to warn, for recall of the subject products, for attorney's fees pursuant to statute, for costs of suit, and for such other and further relief as the court deems proper.

### THIRD CAUSE OF ACTION FOR INTENTIONAL TORT

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a THIRD cause of action, based on information and belief, as follows:

21. Bernzomatic was aware of the defects with the subject products as described above for many years before the injury to this plaintiff and to the plaintiff in the above-referenced related action.

22. Bernzomatic's awareness of the existence of the above-described defects is evidenced by its action in illegally taking down the website, "www.Bernzomaticinjuries.com," as well as its initiation of the action in Switzerland to try to remove the website in the year 2008.

23. Bernzomatic failed to warn plaintiff and all other consumers of the above-described product defects, and failed to take reasonable measures to remove and retrieve from consumers the defective products before plaintiff, as well as the plaintiff and the related action, and several other persons, suffered severe injuries, including death of the person described in the related action.

24. Punitive damages are warranted and appropriate based on the above described wrongful conduct of all of the above-named defendants.

WHEREFORE, Plaintiff prays for judgment against all of the above named defendants for all damages suffered by Plaintiff as the result of the failure of his defective fuel cylinder and torch head product, in an amount of not less than $2,000,000, and further, for punitive damages based on malice and intentional failure to act and failure to warn, for recall of the subject products, for attorney's fees pursuant to statute, for costs of suit, and for such other and further relief as the court

1  deems proper.

2      A jury trial is respectfully demanded in this action.

3  Dated: <u>March 10, 2016</u>          <u>s/Andrew W. Shalaby</u>

4                                               Andrew W. Shalaby, Attorney for Plaintiff Kurtis M. Bailey

**Initial Complaint**            10            **Case No.**
(Related: 2:16-cv-00848-JAK-RAO)