IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Kurtis M. Bailey, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 16 C 07548 |
| | ) | |
| vs. | ) | |
| | ) | |
| Bernzomatic, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, this case is dismissed without prejudice for lack of subject matter jurisdiction.

## STATEMENT-OPINION

On 8/2/2016, the court entered an order [43] directing plaintiff to file amended jurisdictional allegations to properly plead subject matter jurisdiction. Plaintiff filed a first amended complaint [46] on 8/29/2016. Plaintiff has now pled he is a citizen of Illinois, so that problem has been corrected, however, the first amended complaint does not correct the other jurisdictional pleading defects noted in the court's prior order.

The jurisdiction section of the first amended complaint begins: "This is a product defect action which arises in relation to 49 CFR § 178 et seq., aka 'DOT 39" (government mandated safety requirements.) In the original complaint [1], this same language also appears and is followed by "and therefore falls under Federal Question jurisdiction." In finding in its prior order that these regulations do not provide a basis for federal question jurisdiction, the court stated: "The cited regulations are promulgated under the authority of The Hazardous Materials Transportation Act, 49 U.S.C. §§ 5101-5127 ("HMTA"). Neither these regulations nor the HMTA provide a private right of action." Casey-Beich v. United Parcel Service, Inc., 295 Fed. Appx. 92 (7th Cir. 2008). "Only the Attorney General is authorized to pursue a civil claim under these statutes and regulations. See 49 U.S.C. § 5122(a); Tekavec v. Van Waters & Rogers, Inc., 12 F. Supp.2d 672, 683 (N.D. Ohio 1998)." Id. Casey-Beich confirms "these regulations cannot establish federal-question jurisdiction." Id.

While the first amended complaint cites these regulations, unlike the original complaint, it does not assert federal question jurisdiction based on them. This is consistent with the court's prior ruling and Casey-Beich. The first amended complaint does not make any other allegations of federal question jurisdiction. In the absence of a federal question being pled, the court must look to diversity to see if subject matter jurisdiction has been pled.

1

The first amended complaint's jurisdiction section also contains the following: "All of the named defendants are believed to be owned and operated by Worthington Cylinder Corporation aka Worthington Cylinders Wisconsin, LLC and said defendants are citizens of Wisconsin and of Ohio." The section of the first amended complaint designated "Parties" is identical to the "Parties" section of the original complaint and contains the following: "At all times relevant herein, Defendant, BERNZOMATIC, was an Unincorporated Division of IRWIN INDUSTRIAL TOOL COMPANY, and IRWIN INDUSTRIAL TOOL COMPANY was a subsidiary of NEWELL OPERATING COMPANY, INC. However, based on information and belief, Plaintiff alleges that WORTHINGTON CYLINDER CORPORATION, AND/OR WORTHINGTON INDUSTIRES, INC., purchased BERNZOMATIC approximately in July 2011. Based on information and belief, Plaintiff therefore alleges that BERNZOMATIC, IRWIN INDUSTRIAL TOOL COMPANY, NEWELL OPERATING COMPANY INC., WORTHINGTON CYLINDER CORPORATION; and WORTHINGTON INDUSTIRES, are at present one and the same overall business entity and defendant, and shall therefore hereinafter be jointly referenced as "BERNZOMATIC." The "Parties" section of the first amended complaint also contains a paragraph which says plaintiff is suing "DOES 1 through 50 inclusive". This paragraph is also identical to one in the original complaint.

Where corporations are parties the "plaintiff must allege both the state of incorporation and the state of the principal place of business for each corporation" in order to plead diversity jurisdiction. McCready v. eBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006) (quoting, Casio, Inc. v. S.M. & R. Co., Inc., 755 F.2d 528, 529-30 (7th Cir. 1985). This is necessary because a corporation is a citizen of both its state of incorporation and the state of its principal place of business for diversity purposes. 28 U.S.C. § 1332(c)(1).

Since the original complaint failed to contain allegations as to the states of incorporation and principal places of business of the corporate parties, the court ordered plaintiff to file amended jurisdictional allegations correcting this deficiency. Plaintiff has not done so. The only change from the original complaint to the first amended complaint is the addition of the allegation "[a]ll of the named defendants are believed to be owned and operated by Worthington Cylinder Corporation aka Worthington Cylinders Wisconsin, LLC and said defendants are citizens of Wisconsin and of Ohio." This does not allege the state of incorporation or principal place of business of Worthington Cylinder Corporation so diversity jurisdiction has not been pled as to it.

As to Worthington Cylinders Wisconsin, LLC[1], a limited liability company's citizenship for diversity purposes is the citizenship of each of its members. Each member must be identified along with the member's citizenship. Hicklin Engineering, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006) ("A federal court thus needs to know each member's citizenship, and if necessary

---

[1] Worthington Cylinders Wisconsin, LLC is not actually named as a defendant in this case. Plaintiff appears to be alleging it is an assumed name or alter ego of Worthington Cylinders Corporation.

each member's members' citizenships."), abrogated on other grounds by Americold Realty Trust v. ConAgra Foods, Inc., __ U.S. __, 136 S.Ct. 1012 (2016). Plaintiff has not identified the members of Worthington Cylinders Wisconsin, LLC nor their citizenship so diversity jurisdiction has not been pled as to it either.

As to the other defendants, the allegations as to them are identical to the allegations in the original complaint already found to be deficient. Even assuming these other defendants are subsidiaries of another defendant, it does not render them co-citizens with their parent. See Bond v. Veolia Water Indianapolis, LLC, 571 F.Supp.2d 905, 913-14 (S.D. Ind. 2008) (Hamilton, J.) Each corporation named as a party must have its state of incorporation and principal place of business pled.

The first amended complaint also repeats from the original complaint the inclusion of 50 Doe defendants. As noted in the court's prior order "Doe defendants generally are not permitted in federal diversity suits because their citizenship is unknown. Howell v. Tribune Entertainment Co., 106 F.3d 215, 218 (7th Cir. 1997)." It is possible, however, since the first amended complaint does not contain any allegations against the Doe defendants, that they could have been dropped to secure diversity if diversity jurisdiction otherwise had been pled.

In its order of 8/2/2016, the court ordered plaintiff to "file amended jurisdictional allegations properly pleading diversity of citizenship jurisdiction or alleging a proper basis for federal question jurisdiction or this case will be dismissed for lack of subject matter jurisdiction." Plaintiff has not properly pled diversity of citizenship nor has he pled a federal question. Accordingly, this case will be dismissed for lack of subject matter jurisdiction. The court notes that dismissals for lack of subject matter jurisdiction are without prejudice. Plaintiff is free to pursue his claim in an appropriate forum.

For the foregoing reasons, this case is dismissed without prejudice for lack of subject matter jurisdiction.

Date: 9/06/2016          ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)