IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Kurtis M. Bailey, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 07548 |
| | ) | |
| vs. | ) | |
| | ) | |
| Bernzomatic, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth below, the judgment [53] is vacated. The order [52] dismissing this case for lack of subject matter jurisdiction is vacated in part. Worthington Cylinder Corporation and Worthington Industries, Inc. are reinstated as defendants. Bernzomatic is terminated on the docket of this case as it does not appear to be an entity and thus was never an actual defendant. The dismissal order remains effective as to all other defendants. On or before October 7, 2016, plaintiff shall file an amended complaint against only Worthington Cylinder Corporation and Worthington Industries, Inc. If plaintiff wishes to add any additional defendants, such as Worthington Cylinders Wisconsin, LLC , he must file a motion, on or before October 28, 2016, seeking leave to so amend the complaint.

## STATEMENT-OPINION

Plaintiff moves [54] to set aside the court's dismissal [52] of this case for lack of subject matter jurisdiction.[1] Attached to his motion is a proposed second amended complaint [54-5]. Defendants Worthington Cylinder Corporation and Worthington Industries, Inc. oppose the motion.

This case was initially filed in the United States District Court of the Central District of California on March 10, 2016. It was transferred on the motion of defendants Worthington Cylinder Corporation and Worthington Industries, Inc. to the Northern District of Illinois. When transferred, the case was assigned to the Eastern Division of the Northern District of Illinois which in turn transferred it here, the Western Division of the Northern District of Illinois. The reason for the transfer here is that plaintiff alleges he lives, and was injured, in Winnebago County, Illinois which is situated in this district and division.

---

[1] Plaintiff identifies Fed. R. Civ. P. 60(b) as his vehicle for seeking relief but, having made his motion no later than 28 days after the judgment was entered, Fed. R. Civ. P. 59(e) is the correct vehicle for seeking relief.

1

The original complaint failed to allege the citizenship of plaintiff. It named four corporate defendants: Worthington Cylinder Corporation, Worthington Industries, Inc., Irwin Industrial Tool Company and Newell Operating Company. It did not allege the state of incorporation nor the principal place of business of any of these corporations. It also named "Bernzomatic, an Unincorporated Division of Irwin Industrial Tool Company. As an unincorporated division of Irwin Industrial Tool Company, Bernzomatic would not have a citizenship of its own. It would not be a separate legal entity from Irwin Industrial Tool Company. The court, therefore, ordered [43] plaintiff to file amended jurisdictional allegations alleging plaintiff's state of citizenship and the state of incorporation and principal place of business of the four corporate defendants.

When plaintiff file his first amended complaint he properly pled that he was a citizen of Illinois but the complaint again failed to allege the state of incorporation or principal place of business of any of the four named corporate defendants. Because of this failure, the court dismissed [52] for lack of subject matter jurisdiction. The first amended complaint also made reference to Worthington Cylinders Wisconsin, LLC ("LLC"). The LLC was not named a party in the original complaint and, as the court observed in its dismissal order [52] plaintiff appeared to be alleging the LLC was an assumed name or alter ego of Worthington Cylinder Corporation. As the LLC was not a party, its citizenship, strictly speaking, was not relevant. The court did, however, set forth the requirements for pleading the citizenship of a limited liability company and noted plaintiff had failed to plead the required information.

Plaintiff now asks the court to set aside its order dismissing this case for lack of subject matter jurisdiction and attaches a proposed second amended complaint which he asks leave to file. The proposed second amended complaint alleges plaintiff is a citizen of Illinois. It does not list any "John Does" as defendants. It no longer names Irwin Industrial Tool Company nor Newell Operating Company, Inc. as defendants. It alleges Worthington Cylinder Corporation is incorporated in Wisconsin with its principal place of business in Wisconsin and that Worthington Industries, Inc. is incorporated in Ohio with its principal place of business in Ohio. It alleges the amount in controversy exceeds $75,000. As to plaintiff, and these two defendants, the proposed second amended complaint alleges diversity of citizenship jurisdiction.

The proposed second amended complaint also alleges "Defendant, Bernzomatic, is a company owned by Worthington Industries." Bernzomatic appears to be a brand of products offered by Worthington Industries rather than a company of any kind. (http://worthingtonindustries.com/Company/Mergers-Acquisitions; http://worthingtonindustries.com/Products/Consumer-Tradesman-Products/Bernzomatic-(1)). No entity named Bernzomatic has been served in this case. No entry of appearance has been made on its behalf.

The proposed second amended complaint also lists Worthington Cylinders Wisconsin, LLC as a defendant. However, Worthington Cylinders Wisconsin, LLC was not named as a defendant in the original complaint nor in the first amended complaint. If plaintiff wants to

amend the complaint to add the LLC as a defendant, plaintiff needs to file a separate motion under Fed. R. Civ. P. 15.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate court." 28 U.S.C. § 1653. This statute allows amendment of jurisdictional allegations where diversity of citizenship actually exists but was defectively pled. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989). Where dismissal for lack of subject matter jurisdiction has occurred due to defective jurisdictional allegations, and a proposed new complaint indicates diversity actually exists, Rule 59(e) has been used to vacate the dismissal for lack of subject matter jurisdiction. Villa v. Brady Publishing, No. 02 C 570, 2002 WL 1400345, * 2 (N.D. Ill. Jun. 27, 2002) (Kocoras, J.) Here, plaintiff's proposed second amended complaint offers a sufficient basis for diversity jurisdiction between plaintiff and defendants Worthington Cylinder Corporation and Worthington Industries, Inc.

For the foregoing reasons, the order [52] dismissing this case for lack of subject matter jurisdiction is vacated in part. The proposed second amended complaint makes no allegations against Irwin Industrial Tool Company and Newell Operating Company, Inc. so they remain dismissed as defendants. The proposed second amended complaint makes no allegations against any John Doe defendants. All John Does remain dismissed as defendants. Worthington Cylinders Wisconsin, LLC was never properly added as a defendant. If plaintiff wishes to add Worthington Cylinders Wisconsin, LLC as a defendant he must file a motion to amend under Fed. R. Civ. P. 15. Bernzomatic appears to be a brand not an entity so it was never an actual defendant in this case and will be terminated as a party on the docket of this case. This leaves Worthington Cylinder Corporation and Worthington Industries, Inc. as the only defendants. On or before October 7, 2016, plaintiff shall file an amended complaint against only Worthington Cylinder Corporation and Worthington Industries, Inc. If plaintiff wishes to add any additional defendants, such as Worthington Cylinders Wisconsin, LLC, he must file a motion, on or before October 28, 2016, seeking leave to so amend the complaint. The partial vacation of the dismissal order [52] requires vacation of the judgment [53] as the dismissal order no longer disposes of all the defendants and, therefore, does not end the action. See Fed. R. Civ. P. 54(b).

The court expects better lawyering from plaintiff's counsel throughout the remainder of this case.

Date: 9/21/2016          ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)