IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Kurtis M. Bailey, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 07548 |
| | ) | |
| vs. | ) | |
| | ) | |
| Worthington Cylinder Corporation, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, defendants' motion [63] to strike and dismiss is granted in part and denied in part. Counts I and IV are dismissed. Count III is stricken. The motion to dismiss is denied as to Count II. The prayer for attorneys' fees is stricken. Otherwise, the motion to strike is denied.

## STATEMENT-OPINION

Plaintiff, Kurtis M. Bailey, a citizen of Illinois brings this action against defendants, Worthington Cylinder Corporation, alleged to be a Wisconsin corporation with its principal place of business in Wisconsin, and Worthington Industries, Inc., alleged to be an Ohio corporation with its principal place of business in Ohio. The amount in controversy exceeds $75,000. Jurisdiction is proper under 28 U.S.C. § 1332(a)(1). Plaintiff alleges he was seriously injured when a fuel cylinder manufactured by defendants failed while he was using a handheld torch. The cylinder was a component of the torch. The complaint posits four causes of action[1]. Count I seeks an injunction requiring defendants to comply with 49 C.F.R. § 178 et seq. and to recall all cylinders that are not in compliance with this regulation. Count II is for negligence (products liability). Count III asserts defendants intentionally failed to warn of the existence of the defects and to take reasonable measures to retrieve the defective products from consumers, including plaintiff. Count IV asks the court to declare the Daubert standard for admission of expert witness testimony inapplicable to this case. Defendants move [63] to dismiss for failure state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6) and to strike certain portions of the complaint pursuant to Fed. R. Civ. P. 12(f).

As the court has previously noted [43] [52] as to the allegations of Count I, the cited regulations are promulgated under the authority of The Hazardous Materials Transportation Act,

_____

[1] The court will refer to each of the four asserted causes of action as a "Count" for ease of discussion.

49 U.S.C. §§ 5101-5127 ("HMTA"). Neither these regulations nor the HMTA provide a private right of action. Casey-Beich v. United Parcel Service, Inc., 295 Fed. Appx. 92 (2008). "Only the Attorney General is authorized to pursue a civil claim under these statutes and regulations. See 49 U.S.C. § 5122(a); Tekavec v. Van Waters & Rogers, Inc., 12 F. Supp.2d 672, 683 (N.D. Ohio 1998)." Id. Plaintiff argues he is not pursuing a private right of action under these regulations but is seeking "declaratory and injunctive relief to make the product safe, and cites 49 CFR 178 as the government-mandated standard for production of the products." This purported distinction misses the mark. Plaintiff's complaint asks the court to require defendants to comply with 49 C.F.R. § 178 et seq. "in production and distribution of the above said products in interstate commerce and at all locations where sold throughout the United States and worldwide." This is clearly an attempt by plaintiff to pursue a claim under the HMTA, and regulations promulgated under the HMTA, that only the Attorney General is authorized to pursue. Count I does not state a claim upon which relief can be granted.

Count IV asks the court to find that the Daubert standard for admission of expert witness testimony is inapplicable to this case. The court has a standing order (http://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/kapala/Standing%20Order%20-%20Daubert%20Motions%20-%20FJK%20and%20PGR.pdf) concerning motions to exclude expert testimony. It provides that such motions may only be brought "(1) as part of a Rule 56 motion for summary judgment, if a favorable ruling on the request to exclude would be dispositive of the case or a significant portion of the case, or (2) as a motion in limine which, according to the court's trial procedures for civil trials, shall be filed with the final pretrial order." The purpose of the standing order is to defer ruling on the admissibility of expert testimony until the case has reached a point where it is ready to be resolved on the merits. This purpose certainly applies to plaintiff's request in Count IV. At this point, there is no proffered expert testimony, and necessarily, no objection to its admission. Plaintiff's request is premature and not appropriately brought as a claim at any rate. The court sees no reason to deviate from its standing order. Count IV does not state a claim upon which relief can be granted. The issue of the admissibility of expert testimony will be resolved, if it arises, later in the case. Plaintiff may advance his arguments in support of the admission of his experts' testimony at that time.

Count II asserts negligence in the design and manufacture of the torch and cylinder. It also alleges defendants failed to warn of, and disclose, the defects it knew existed in the torch and cylinder. Under Illinois law, a "product liability action asserting a claim based on negligence, such as negligent design, is based upon fundamental concepts of common law negligence. As in any negligence action, a plaintiff must establish the existence of a duty, a breach of that duty, an injury that was proximately caused by that breach, and damages." Jablonski v. Ford Motor Co., 955 N.E.2d 1138, 1153-54 (Ill. 2011) (citations omitted). "A manufacturer has a nondelegable duty to design a reasonably safe product." Id., at 1154.

"When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Fed.R.Civ.P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to

relief above a speculative level. Bell Atl., 550 U.S. at 555; see Ashcroft v. Iqbal, 129 S. Ct.1937, 1949 (2009); EEOC v. Concentra Health Servs., 496 F.3d 773, 776 (7th Cir.2007). 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Bell Atl., 550 U.S. at 556)." Disher v. Tamko Building Products, Inc., No. 14-cv-740-SMY-SCW, 2015 WL 4609980, *1 (S.D. Ill. July 31, 2015).

The allegations of Count II are sufficient to withstand defendants' motion to dismiss. The allegations set forth defects in the torch and cylinder, that plaintiff was using the product, that it failed due to the defects and that he was injured due to the failure. These allegations describe the claims in sufficient detail to give defendants fair notice of what the claims are and the grounds upon which they rest. The allegations are sufficient to plausibly suggest plaintiff has a right to relief above the speculative level as they clearly set out the alleged defects and how the defects caused the injury. This is all that is required under the federal pleading standards to survive a Rule 12(b)(6) motion to dismiss.

Defendants argue plaintiff failed to allege the product's defects were the proximate cause of his injury and that defendants had no duty to recall the products. However, as discussed in the previous paragraph, the facts alleged are sufficient to plausibly allege the defects caused the failure which in turn caused plaintiff's injury. Plaintiff does not have to plead a specific legal theory under which he is entitled to relief; he only needs to plead facts which state a plausible claim on some theory. Avila v. CitiMortgage, Inc., 801 F.3d 777, 783 (7th Cir. 2015). The facts alleged plausibly state a claim for an injury caused by negligent design or manufacture. Plaintiff may or may not be able to prove these claims but he has stated them sufficiently to survive the motion to dismiss.

Likewise, plaintiff's failure to warn claim survives. "When proceeding under a failure to warn theory, a plaintiff must demonstrate that the manufacturer did not disclose an unreasonably dangerous condition or instruct on the proper use of the product as to which an average consumer would not be aware." Rosenstern v. Allergan, Inc., 987 F. Supp.2d 795, 801 (N.D. Ill. 2013), citing Sollami v. Eaton, 772 N.E.2d 215, 219 (Ill. 2002). "When a design defect is present at the time of sale, the manufacturer has a duty to take reasonable steps to warn at least the purchaser of the risk as soon as the manufacturer learns or should have learned of the risk created by its fault." Jablonski, 955 N.E.2d at 1159. The complaint alleges defendant was aware of the unreasonably dangerous condition of the torch and cylinder but did not warn consumers of the condition. The complaint details the alleged defects creating the unreasonably dangerous condition and alleges plaintiff was unaware of the problems with the torch and cylinder and was injured because of these defects. These allegations are sufficient to state a plausible claim of injury based on the failure to warn. While it is true, as defendants argue, that Illinois does not impose a duty on manufacturers to issue post-sale warnings of defects discovered after a product has left its control nor does Illinois impose, in the absence of a statute or administrative regulation, a duty to recall products where the defects were discovered post sale, Jablonski, 955 N.E.2d at 1160, the complaint does not allege that the defects were only discovered post sale. Whether the defects were known at the time of sale or not is a fact question that must be resolved at a later point in this case. Count II will not be dismissed.

The heading for Count III indicates it is a claim for an intentional tort. The allegations in this count do not identify the tort and the facts set forth in the count duplicate the facts alleged in

Count II concerning failure to warn.  Count III appears to be redundant and, therefore, is stricken.

Defendants move to strike certain portions of the complaint pursuant to Rule 12(f), which provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The purpose of the rule is to prevent unnecessary expenditures of time and money litigating spurious issues."  Haley v. Westfreight Systems, Inc., No. 15-cv-01161-JPG-SCW, 2016 WL 5394389, * 1 (S.D. Ill. Sept. 27, 2016). Defendants ask that the reference to a case pending in the Central District of California and all references to products that did not injure the plaintiff be stricken.  However, defendants have not shown any harm they will suffer if the references are not stricken nor can the court discern any such harm.  In the absence of a showing of prejudice, these references will not be stricken.  Id.

Defendants also ask that the requests for attorneys' fees and punitive damages be stricken from the complaint's prayers for relief.  "Illinois follows the 'American rule,' which prohibits prevailing parties from recovering their attorney fees from the losing party, absent express statutory or contractual provisions."  Sandholm v. Kuecker, 962 N.E.2d 418, 435 (Ill. 2012). Plaintiff does not argue the existence of a statutory or contractual provision allowing attorneys' fees on his negligence claims.  While he notes that exceptions to the American rule do exist, he does not point the court to any exception applicable to his Illinois negligence claims.  The prayer for attorneys' fees is stricken.

As to punitive damages, under Illinois law, simple negligence does not support an award of punitive damages but willful and wanton conduct does.  Jentz v. ConAgra Foods, Inc., 767 F.3d 688, 693 (7th Cir. 2014). To be willful and wanton, conduct must be either intentional or a gross deviation from the standard of care. Id.  Whether plaintiff is entitled to punitive damages does not depend on whether he uses the words "willful and wanton" or "gross deviation from the standard of care" in his complaint, but on whether the facts, when presented, establish that conduct by defendant.  See, Boswell v. Miles, No. 15–cv–00405–JPG–DGW, 2015 WL 4036256, * 5 (S.D. Ill. July 1, 2015).  The court will not strike the prayer for punitive damages. Whether plaintiff is entitled to punitive damages must be resolved later in the case.

For the foregoing reasons, defendants' motion [63] to strike and dismiss is granted in part and denied in part.  Counts I and IV are dismissed.  Count III is stricken.  The motion to dismiss is denied as to Count II.  The prayer for attorneys' fees is stricken.  Otherwise, the motion to strike is denied.

Date: 01/11/2017                    ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)

4