IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Kurtis M. Bailey, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 16 C 07548 |
| vs. | ) ) | |
| Bernzomatic, et al., | ) ) | Judge Philip G. Reinhard |
| Defendants. | ) | |

**ORDER**

      On or before September 25, 2018, Attorney Shalaby is ordered to show cause, in writing, why he should not have his pro hac vice admission revoked or be otherwise sanctioned for the matters discussed below arising after Magistrate Judge Johnston's entry of the order [333] on defendant's motion to revoke Attorney Shalaby's pro have vice admission and the filing of the objections thereto. Specifically, Attorney Shalaby must address:
1) His repeated misstatements of the content of Judge Efremsky's order entered May 8, 2018.
2) His repeated false statements that Magistrate Judge Johnston was employed by Holland & Knight at the time Holland & Knight attorneys were representing the defendants in Attorney Shalaby's personal litigation against them and that Magistrate Judge Johnston refused to disqualify himself in the current case though such disqualification was mandated by 28 U.S.C. § 455(b)(2) due to that employment.
3) His statement in his general bar application that he believed the State Bar of California only made an inquiry rather than conducted an investigation of him when previously in this case he referred to the state bar matter as an investigation and his request for judicial notice to the 9th Circuit and the documents attached thereto indicate the matter was an investigation.
      Unless later ordered by the court, no response by defendants is requested.
      The court defers ruling on the ultimate questions raised by defendants' objection [343] until after receiving Attorney Shalaby's response to this order to show cause.

**STATEMENT-OPINION**

      On March 26, 2018, defendants moved [310] to revoke the pro hac vice ("PHV") admission of plaintiff's attorney, Andrew Shalaby. Defendants' motion to revoke Attorney Shalaby's PHV admission raised misrepresentations Attorney Shalaby made in his PHV application as well as the manner in which he has conducted the litigation of this matter. On April 23, 2018, Magistrate Judge Johnston entered an order [333] denying defendants' motion to revoke. The order, however, required that "Mr. Shalaby shall be required to attach this Order to

1

all motions or applications for pro hac vice status that he files with the United States District Court for the Northern District of Illinois."[1] Defendants filed an objection [343] to the denial of their motion to revoke Attorney Shalaby's PHV admission. Attorney Shalaby and defendants agree review of this objection is pursuant to Fed. R. Civ. P. 72(a) which requires the district court to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

This case arrived in this court via transfer from the United States District Court for the Central District of California on August 1, 2016. Attorney Shalaby is an attorney licensed in the State of California. On August 29, 2016, Attorney Shalaby filed his motion to appear PHV [45]. Magistrate Judge Johnston granted [47] the PHV motion on August 30, 2016.

Local Rule 83.14 of the United States District Court for the Northern District of Illinois provides: "A member in good standing of the bar of any state or of any United States district court may, upon motion, be permitted to argue or try a particular case in whole or in part subject to the requirements of LR83.12. A petition for admission under this rule shall be on a form approved by the Executive Committee." Attorney Shalaby filled out and filed the proper form. The form requires the applicant to answer "Yes" or "No" to a series of questions and to declare under penalty of perjury that the answers are true. The form further provides: "If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted." (emphasis in original). The questions on the form that must be answered by the applicant are: 1) Has the applicant ever been: censured, suspended, disbarred, or otherwise disciplined by any court?; 2) Has the applicant ever been: or is the applicant currently the subject of an investigation of the applicant's professional conduct?; 3) Has the applicant ever been: transferred to inactive status, voluntarily withdrawn, or resigned from the bar of any court?; 4) Has the applicant ever been: denied admission to the bar of any court?; and 5) Has the applicant ever been: held in contempt of court? Attorney Shalaby answered "No" to all of these questions on his PHV application.

On July 27, 2012, District Judge Battaglia of the United States District Court for the Southern District of California entered an order ("Prefiling Order") in that court's case number 11cv68 (Shalaby v. Bernzomatic, et al) requiring Shalaby

> "to seek and obtain leave of this Court, prior to filing any new actions, against any defendant, in any forum, based upon, or related in any way, to injuries he sustained as a result of the accident on April 21, 2006. The filing for such leave must contain verification and documentation that Andrew Shalaby has paid in full

---

[1] Attorney Shalaby filed an objection [338] to the portion of the order requiring attachment of the order to any future PHV applications but subsequently withdrew his objection on August 23, 2018 [379] [380].

2

all cost awards against him and in favor of Bernzomatic. If such leave is deemed
appropriate by this Court, Andrew Shalaby must post a bond to secure future costs
in an amount to be determined at the time of any application for leave."

The Prefiling Order was entered against Attorney Shalaby as a sanction for his numerous frivolous filings in that case - a case in which Attorney Shalably was representing himself pro se. Judge Battaglia stated the following in issuing the Prefiling Order:

> "The Plaintiff's claims against Bernzomatic, in which he seeks damages for personal injuries he sustained as a result of an accident that occurred on April 21, 2006, have now been actively litigated for six years. The Plaintiff's original complaint (Case No. 07-cv-2107, Doc. No. 1.) was filed in 2007, with summary judgment being entered against the Plaintiff and in favor of Bernzomatic on July 28, 2009. (Case No. 07-cv-2107, Doc. No. 209.) The basis of the Court's grant of summary judgment was that the Plaintiff did not produce evidence to support his claim that an alleged defect in the subject hand-held torch or the MAPP gas cylinder to which it was attached caused the Plaintiff's accident. (Id. at 24.) The Plaintiff appealed this summary judgment ruling to the Ninth Circuit, which affirmed this Court's ruling on May 17, 2010. (Doc. No. 5-3 at 51-55.) The Supreme Court denied review on November 1, 2010. (Id. at 104.)
>
> In 2010, the Plaintiff attempted to relitigate his claims against Bernzomatic in the Contra Costa Superior Court. (Id. at 79.) On December 2, 2010 the state court dismissed the Plaintiff's claims. (Id. at 81.) The Plaintiff returned to this Court in 2011, in another effort to relitigate his claims. (Doc. No. 1) This Court dismissed the Plaintiff's FAC, (Doc. No. 3), on September 9, 2011, (Doc. No. 23), and his SAC, (Doc. No. 34), on March 9, 2012 (Doc. No. 48.) The Plaintiff has filed sixteen motions in an effort to relitigate these claims, including, ex parte applications, motions for reconsideration, petitions for rehearing, motions for recusal, and motions to appeal chambers orders.
>
> This is the fourth time that the Plaintiff has attempted to introduce 'newly discovered evidence' in an effort to relitigate his claims. The first attempt was in 2009 when the Plaintiff filed a motion to reopen discovery in the prior litigation. (Case No. 7-cv-2107, Doc. No. 93.) This motion was based upon his declaration that a year after his deposition was taken, he examined photographs from the time of his injury and underwent hypnosis which convinced him that the accident had occurred in a manner inconsistent with his prior testimony. (Case No. 7-cv-2107, Doc. No. 93-4, at 6.) The Court denied the Plaintiff's 2009 'newly discovered evidence' motion. (Case No. 7-cv-2107, Doc. No. 131.) In 2011, the Plaintiff filed a FAC in this action alleging that on May 19, 2010, he was contacted by a former Bernzomatic employee who claimed that Bernzomatic made misrepresentations during discovery and that such information was a basis to set

3

aside the prior judgment. (Doc. No. 3, at 7). After the Court dismissed the
Plaintiff's FAC, the Plaintiff filed a SAC alleging that he was once again
contacted by a former Bernzomatic employee, this time on October 8, 2011, who
told him that the hand-held torches do not contain fracture grooves. (Doc. No. 34,
at 11-12.) The Court dismissed the Plaintiff's third newly discovered evidence
claim. (Doc. No. 48.) The instant motion for reconsideration marks the Plaintiff's
fourth attempt to introduce 'newly discovered evidence,' this time from an
unidentified source that he will only reveal in camera. (Doc. No. 57, at 4.)

When the Court dismissed the Plaintiff's third newly discovered evidence claim it
also denied Bernzomatic's motion for prefiling order. (Doc. No. 23) The Court
explained that it had considered the four factors required to issue a prefiling order,
and found that the Defendant's motion had merit, but given the disfavored nature
of such an order the Court declined to issue it at that time. (Id. at 14.) The Court
acknowledged the Plaintiff's lengthy history of filing meritless motions and
attempting to relitigate issues. (Id. at 14.)  Additionally, the Court acknowledged
that the Plaintiff was previously warned by the Court that sanctions would be
imposed if he continued his attempts. (Id. at 14.) Additionally, the Court warned
the Plaintiff that any failure to comply with the order or any attempt to relitigate
the claims dismissed with prejudice would result in sanctions. (Id. at 14-15.) Since
that order, the Plaintiff has filed a motion to extend his time to amend, (Doc. No.
24), a request for judicial notice regarding a recall, (Doc. No. 41), an ex parte
motion for leave to file a supplemental complaint, (Doc.No. 43), a request for
judicial notice of a complaint filed in Louisiana, (Doc. No. 45), a notice of appeal,
(Doc. No. 53), and the instant motion for reconsideration, (Doc. No. 57). It is clear
that the Plaintiff has not heeded the Court's warning, and continues to file
frivolous motions to relitigate his claims."

Judge Battaglia went on to state: "The Court finds the motions discussed above are a frivolous, rehashing of arguments already considered and rejected by the Court." [2]

---

[2] Recently, on August 8, 2018, Judge Battaglia entered the following order (Dkt # 108) in that case denying relief to Attorney Shalaby regarding the Prefiling Order:

"In 2012, the Court issued a prefiling order in this case. (Doc. No. 66.) In 2017,
Shalaby filed a motion to set aside the prefiling order, which the Court denied.
(Doc. Nos. 72, 79.) Shalaby then immediately requested the Court to reconsider
that motion, which again, the Court denied. (Doc. Nos. 80, 86.) Since the Court
denied his second reconsideration motion to terminate the prefiling order, there
have been 19 documents filed over three months - most of which are filings
requesting the Court to reconsider terminating the prefiling order. (Doc. Nos. 90,
95, 97, 98, 99, 102, 103, 105.)

Attorney Shalaby contends that because the Prefiling Order dealt with him as a pro se litigant and not as an attorney he was not required to report it in his PHV application. He does not cite any authority to support this position. Defendants, likewise, do not cite any authority supporting the position that Attorney Shalaby was required to report it. Magistrate Judge Johnston reasoned that because the "application asks about any discipline imposed by any court against the applicant," that it was broad enough to encompass the Prefiling Order and that Attorney Shalaby should have disclosed the Prefiling Order in his PHV application. In the absence of any legal authority to the contrary being presented, the court cannot say that this finding by Magistrate Judge Johnston that Attorney Shalaby should have disclosed the Prefiling Order in his PHV application was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

On November 4, 2014, United States Bankruptcy Judge Efremsky of the United States Bankruptcy Court for the Northern District of California issued an order to show cause directed at Attorney Shalaby. After conducting a hearing on the order to show cause, the bankruptcy court entered a memorandum decision (and an accompanying order) on April 27, 2015 concluding as follows:

"(1) based on Bankruptcy Code § 329, Mr. Shalaby shall disgorge $4,000 to the Trustee within 30 days of entry of the order on this Memorandum Decision; (2)

---

Yet, in none of these supplemental filings does Shalaby give the Court a valid legal justification to overturn its two previous orders denying reconsideration. In nearly each motion, Shalaby questions the rulings of judges from different districts, (Doc. No. 95); requests this Court issue a protective order on public documents to prevent their use in other courts, (Id. at 2); accuses defendants of weaponizing the prefiling order in other actions, (Doc. Nos. 99-1 at 2–3; 105 at 2); and generally relitigates the underlying issues from his trial, (Doc. No. 99-1 at 3).

Shalaby has not presented the Court with an intervening change in the law or the facts of his case to warrant reconsideration under the local rules. CivLR 7.1(i). He also has not presented a relevant argument justifying relief under Federal Rule of Civil Procedure 60. This Court cannot prevent any opposing counsel from using publicly-filed documents in their cases. Moreover, even if this Court were to terminate the prefiling order, it could not prevent the fact that one existed for a number of years from being introduced by opposing counsel in other courts. The Court declines addressing Shalaby's other arguments regarding this Court's impartiality, (see Doc. No. 95 at 5), or any role Shalaby accuses the Court in playing in his clients' injuries, (see Doc. No. 98 at 3).

The Court notes that Shalaby's repeated and unavailing arguments and motions are partially what led the Court to deny his first two reconsideration requests. Having heard Shalaby's objections to the supplemental filing, the Court DECLINES to order further relief and now considers the matter final."

based on violation of Rule 9011(b), Mr. Shalaby shall pay $8,000 to the court,
$4,000 of which is to be paid within 60 days of entry of the order on this
Memorandum Decision and $4,000 of which is to be paid within 90 days of entry
of the order on this Memorandum Decision; (3) except for cases in which he has
already appeared as counsel of record, commencing immediately, Mr. Shalaby is
suspended from the practice of law in the bankruptcy courts for the Northern
District of California until he has completed 24 hours of continuing legal
education in bankruptcy law plus 3 hours of continuing legal education in ethics;
(4) commencing immediately, Mr. Shalaby's e-filing privileges are suspended
until he has taken the ECF training provided by the clerk's office. The court will
also transmit a copy of this Memorandum Decision to the district court's Standing
Committee on Professional Conduct and transmit a copy to the United States
Trustee for their review."

In re Nakhuda, No. 14-41156-RLE, 2015 WL 1943450, *26 (Bankr. N.D. Cal. 2015).[3]  On
February 4, 2016, the $8,000 sanction for violation of Rule 9011(b) was reversed on appeal and
the order of disgorgement of $4,000 and the suspension of electronic court filing privileges was
affirmed.  In re Nakhuda, 544 B.R. 886 (B.A.P. 9th Cir. 2016).  The bankruptcy appellate panel
("BAP") held that the bankruptcy court had applied the wrong standard in finding a violation of
Rule 9011(b) and, thus, had abused its discretion in imposing sanctions under Rule 9011(b).  The
BAP reversed the monetary sanction the bankruptcy court imposed under Rule 9011 but did not
address the suspension from practice pending the CLE requirements ("CLE Provision") being
met.  Shalaby's notice of appeal from the BAP to the circuit court of appeals listed the CLE
Provision among the portions of Judge Efremsky's order that were affirmed by the BAP and
which he was appealing to the circuit court of appeals.  In affirming the BAP, the circuit court of
appeals, like the BAP, did not speak to the CLE Provision.  In re Nakhuda, 703 Fed. Appx. 621
(9th Cir. 2017).  However,  Judge Efremsky notes his view in a later order in the Nakhuda case,
that the CLE Provision "was at least implicitly reversed" by the BAP's holding that Judge
Efremsky improperly found a Rule 9011 violation since the CLE Provision, like the $8,000
monetary sanction, was imposed for the Rule 9011(b) violation.( Dkt # 325 in 14-41156-RLE).

   Assuming, as certainly seems to be the case, that Attorney Shalaby' suspension from
practice before the Northern District of California Bankruptcy Court had been reversed by the
BAP as to the CLE Provision prior to Attorney Shalaby filing his PHV application, the fact
remains that he still had been suspended from practice by that bankruptcy court.[4]  "Yes", not

---

   [3]  On June 26, 2015, an order was entered by the bankruptcy court terminating Attorney
Shalaby's suspension from practice based on his compliance with the requirements of the April
27, 2015 order.

   [4]  And, the suspension of his ECF filing privileges had been affirmed.  This suspension
was upheld by the BAP as proper under the bankruptcy court's local rules. In re Nakhuda, 544
B.R. at 904-05.

"No", was the accurate answer to the question asking whether he had ever been suspended by any court. He should have answered "Yes" and then filed an attachment explaining what had occurred: The entry of Judge Efremsky's April 27, 2015 order, the BAP's order affirming in part and reversing in part, and Judge Efremsky's order of June 26, 2015 terminating the suspension. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1117 (9th Cir. 2005) ("The Local Rule asks if the attorney has 'ever been' disciplined, and does not provide an exception for disciplinary orders that are overturned.")

Attorney Shalaby argues that because the bankruptcy court order was on appeal to the 9th Circuit at the time he filed his PHV application that the order was not final under California law and, therefore, he was not required to report it. However, federal law applies to bankruptcy cases and the order was final despite the pendency of the appeal. The court of appeals observed "[w]e have jurisdiction under 28 U.S.C. § 158(d)(1)." In re Nakhuda, 703 Fed. Appx. At 621. 28 U.S.C. § 158(d)(1) grants courts of appeals jurisdiction from final decisions, judgments, orders, and decrees entered by the BAP and the BAP only had jurisdiction over the appeal of Judge Efremsky's order because that order was final. 28 U.S.C. § 158(a)(1), (b). If the order were not final, it would not have been on appeal. Judge Efremsky's order was final and its pendency on appeal with the possibility of reversal did not, as noted above, excuse Attorney Shalaby from disclosing it and then explaining what had occurred.

Attorney Shalaby argued in his opposition [314] [315] to defendants' motion to revoke his PHV admission that the portion of Judge Efremsky's order requiring him to disgorge the $4,000 in attorney's fees the debtor had paid him was not a sanction because it was ordered pursuant to 11 U.S.C. § 329(b). He contends a disgorgement order under section 329(b) is not a sanction as a matter of law. He cited In re Escojido, No. 11-07757, 2011 WL 5330299 (Bankr. S.D. Cal. Oct. 28, 2011) in support of this contention. Defendants did not respond to this argument.

On its face, the statute simply provides the bankruptcy court with the authority to order compensation that the court finds exceeds the reasonable value of the services provided by the debtor's attorney to be turned over to the estate. 11 U.S.C. § 329(b)(1). As Judge Efremsky framed the question: "The question is whether the $4,000 he was paid was excessive for what he accomplished on behalf of the debtor in the circumstances of this case." In re Nakhuda, No. 14-41156-RLE, 2015 WL 1943450 at *24. Judge Efremsky continued: "the court judges the value of his services under the criteria in Bankruptcy Code § 330(a)(3), especially (C) (whether the services were necessary or beneficial), and (E) (skill and experience in the bankruptcy field) are particularly important here." Id. Judge Efremsky then concluded Attorney Shalaby's "services were not necessary or beneficial to the debtor and they were costly and detrimental to the estate," and "that Mr. Shalaby lacked skill and experience in this field; he lacked competence in the relevant substantive and procedural areas required to handle this case." Id. Judge Efremsky ordered the $4,000 disgorgement based on these findings.

7

In the absence of any counter-argument or authority presented by defendants, and in view of the text of the statute, the portion of Judge Efremsky's order ordering the turnover to the estate pursuant to section 329(b)(1) of $4,000 as compensation that exceeds the reasonable value of the services provided by Attorney Shalaby as the debtor's attorney was not, for purposes of the PHV application, a form of discipline imposed by a court that was required to be reported. It was contrary to law to find it within the scope of discipline that was reportable on the PHV application. The order [333] is modified accordingly to reflect this ordered payment was not required to be reported on Attorney Shalaby's PHV application.

While his appeal from the BAP to the 9th Circuit was pending, Attorney Shalaby filed in that court, on June 13, 2016, a document entitled: "REQUEST FOR JUDICIAL NOTICE OF RELATED STATE BAR INVESTIGATION." He attached to his request a copy of a letter dated February 1, 2016 on The State Bar of California letterhead from Investigator Wesley Hester, Jr. The upper right corner of the letter contains the words "Office of Chief Trial Counsel" ("OCTC") over the word "Enforcement". Investigator Hester's letter states that it is Re: Case Number: 15-O-14848 and lists the complainant as "SBI" [5]. The body of the letter contains the following:

> "The State Bar received a copy of the US Bankruptcy Court for the Northern District, case 14-41156-RLE, Memorandum Decision Re Order To Show Cause, dated 4-27-2015. The court indicates you were sanctioned $8000.00 and suspended from practicing there until you completed CLE courses. The basis for the sanctions were numerous, including your filing of baseless motions and claims, your lack of candor with the Court and Trustee, your violation of bankruptcy laws and local rules, and for performing incompetently. You allegedly failed to report these sanctions to the State Bar as required." [6]

Attorney Shalaby also attached an email dated June 6, 2016 from State Bar Investigator Britta Pomrantz. Investigator Pomrantz's email to Attorney Shalaby listed as its subject "State Bar Investigation No. 15-O-14848" and began: "The ongoing State Bar Investigation No. 15-O-14848 (previously handled by Wesley Hester) was recently transferred to me." Ms. Pomrantz noted the BAP's decision affirming in part and reversing in part and asked for an update as to whether any further appeals were "pending in relation to this matter." In his request for judicial notice, Attorney Shalaby stated : "Per Investigator Ms. Pomrantz, the State Bar investigation is in abeyance pending the outcome of this appeal."

---

[5] "SBI" stands for State Bar Initiated.

[6] California Business and Professions Code § 6068(o)(3) requires an attorney: "To report to the agency charged with attorney discipline, in writing, within 30 days of the time the attorney had knowledge of any of the following: The imposition of judicial sanctions against the attorney, except for sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)."

8

Based on this request for judicial notice and the exhibits attached to it, it is clear Attorney Shalaby was, by his own admission, as of June 13, 2016, the subject of an investigation of his professional conduct by the State Bar of California. Nonetheless, when he filed his PHV application on August 29, 2016 he answered "No" to the question "Has the applicant ever been or is the applicant currently the subject of an investigation of the applicant's professional conduct?" This answer was clearly false. Mr. Shalaby had been, at least as recently as June 13, 2016 (11 weeks before he filed is PHV application), the subject of an investigation of his professional conduct.[7]

A number of other issues have arisen since Magistrate Judge Johnston entered his order [333] on defendants' motion to revoke Attorney Shalaby's PHV admission, and while the objections to that order were pending. The court will look to those now.

After the filing of the objections of Attorney Shalaby and defendants to Magistrate Judge Johnston's order [333] on the PHV revocation motion, Attorney Shalaby filed a request for judicial notice [346] with the court of an order (Order Denying Motion to Amend Order on Order to Show Cause) signed by Judge Efremsky on May 7, 2018 and entered on May 8, 2018. In this request he states as follows: "In this brief I am requesting only that the Court take judicial notice of the relevant Judge's statement based on his personal knowledge, the Ninth Circuit declined to reverse the 'moot' suspension portion of the subject order by way of a 'clear error' in the record, which is presented below." Attorney Shalaby further states in this request for judicial notice:

> "Judge Efremsky, who issued the 'sanction' order that was reversed on appeal and which is referenced on Defendants' motion to revoke my Pro Hoc Vice admission (dkt. 343), sent a copy of his order issued today, document 325, to Magistrate Johnston directly, as shown on the 'Notice Recipients.' On that order he confirms the error of the Ninth Circuit, based on his 'personal knowledge,' which I have already disclosed to the Court. The Ninth Circuit's error is recited on paragraph 15 of Judge Efremsky's order as follows:
>
>> '15. As previously noted, the Ninth Circuit Memorandum stated that the record supported this court's finding that Mr. Shalaby consistently failed to obtain original ink signatures on documents electronically filed with the court in violation of the Local Rules,

---

[7] Also, at a hearing on March 29, 2018, before Magistrate Judge Johnston, concerning the motion to revoke his PHV admission, Attorney Shalaby stated as follows: "I was sanctioned April 27, 2015. The amount was $8,000. In the State of California, when a sanction is more than 300, it gets reported to the state bar. It got reported to the state bar, hence the investigation. I won the appeal on February 4, 2016. With it, the sanction was gone, and the state bar investigation as well." [323] at p. 41. This too is an acknowledgment by Attorney Shalaby that he was the subject of a state bar investigation.

> that the error was brought to his attention, yet he continued to
> violate the Local Rules.'

Judge Efremsky makes clear his 'personal knowledge' of this error on paragraph 16 of his order:

> '16. Like the petition for rehearing before the Ninth Circuit, the
> Motion to Amend repeats the contention that this statement in the
> Ninth Circuit Memorandum is factually erroneous as Mr. Shalaby
> shows, and as this court's 'personal knowledge' confirms.'
> [Emphasis added.]

The proceedings related to this error are therefore still ongoing based on authority presented on the order by Judge Efremsky:

> 'This Court has discretion to depart from the law of the case if (1)
> the first decision was clearly erroneous. [...] U.S. v. Cuddy , 147
> F.3d 1111, 1114 (9th Cir. 1998).' [Order, dkt. 325, p.7:18-19.]

Judge Efremsky also states on page 9:18-19 of his order that the 'CLE Provision' at issue was 'arguably reversed' by way of the appeal, though simply not 'vacated':

> 'In addition, while the CLE Provision was arguably reversed, it has
> not been vacated.'

Therefore, Plaintiff respectfully requests judicial notice of the following facts:

> 1. The Bankruptcy Appellate Panel reversed everything falling
> under the rubric of a 'sanction' issued to Attorney Andrew W.
> Shalaby;
> 2. The Ninth Circuit was 'clearly erroneous' in its belief that 'Mr.
> Shalaby consistently failed to obtain original ink signatures on
> documents electronically filed with the court in violation of the
> Local Rules, that the error was brought to his attention, yet he
> continued to violate the Local Rules'; and
> 3. The matter of the error of the Ninth Circuit cited above is still
> not final and subject to ongoing proceedings at this time."

Attorney Shalaby's statements in this request for judicial notice are a gross misstatement of Judge Efremsky's order. Judge Efremsky did not find that based on his [the judge's] personal knowledge that the Ninth Circuit erred when it found the record supported the finding that Attorney Shalaby consistently failed to obtain original ink signatures on documents electronically filed in violation of local rules and that he continued to violate the local rules after the error was

brought to his attention. In fact, Judge Efremsky noted that no such error had occurred. In footnote 3, on page 6, of the order (Dkt # 325 in 14-41156), he states: "The record in this court and the appellate record disprove this." "This" being the contention of Attorney Shalaby "that the Ninth Circuit's factual finding of repeat violations is erroneous because there was no 'continued failure' to obtain signatures in that this failure had occurred only once - in this Nakhuda chapter 7 case - and it had been promptly corrected."

Paragraph number 16 of the order quoted above by Attorney Shalaby is not a finding by Judge Efremsky that his personal knowledge confirms the alleged error. Rather, it is merely a recitation of Attorney Shalaby's argument on the point. Instead, what Judge Efremsky found was: "The Ninth Circuit found that the record supported this court's finding that there had been repeated violations of the Local Rules regarding obtaining and keeping ink signatures. This is the law of the case." Judge Efremsky went on to state: "The court has discretion to depart from the law of the case if (1) the first decision was clearly erroneous[8]; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or a manifest injustice would otherwise result." Judge Efremsky goes on to state "the first three exceptions are absent." [9] Id. Thus, Judge Efremsky found the first decision was <u>not</u> clearly erroneous. Attorney Shalaby has represented the exact opposite to this court. Attorney Shalaby has misrepresented Judge Efremsky's order.[10] Attorney Shalaby also repeats this misrepresentation in his response [349] to defendant's objection to Magistrate Judge Johnston's order [333].

Attorney Shalaby has also made this misrepresentation in a letter dated May 24, 2018 addressed to Judge Sidney Thomas of the Ninth Circuit and filed on May 30, 2018 in that court in its case number 16-60017[11] as docket number 30. This letter to Judge Thomas begins:

---

[8] Attorney Shalaby quoted this exception to application of the law of the case in his request for judicial notice set out above.

[9] Judge Efremsky also found the other two exceptions did not apply.

[10] On May 11, 2018, Judge Efremsky entered an order (Dkt # 328 in 14-41156) denying a request by Attorney Shalaby (filed after the entry of Judge Efremsky's May 8, 2018 order) seeking permission to file a supplemental brief. In denying this request, Judge Efremsky stated: "For the reasons explained in the Order Denying the Motion to Amend, any further attempts by Mr. Shalaby to seek relief from the Sanctions Order may be deemed sanctionable conduct and may result in the issuance of an order to show cause directed at Mr. Shalaby."

[11] This is the appeal noted above in which the 9th Circuit affirmed (In re Nakhuda, 703 Fed. Appx. 621 (9th Cir. 2017)) the BAP's decision in In re Nakhuda, 544 B.R. 886 (B.A.P. 9th Cir. 2016) affirming in part and reversing in part Judge Efremsky's April 27, 2015 order imposing sanctions on Attorney Shalaby.

11

"On April 24, 2018 I sent you a letter, or "complaint" if you will, pertaining to the error of yourself and the panel in 9CA # 16-60017, but it seems Judge Efremsky believes you disregarded the correct facts intentionally, as I gather from his attached 13 page order. He is implying that because I brought your (panel) mistake to your attention and you intentionally refused to correct it. I certainly hope your decision to leave the very negative and very incorrect facts in the record of your appellate decision was not "intentional," because it now has potential consequences that could cause my removal from a very important case that is certain to prevent severe injuries and more horrific deaths."

The letter goes on to state:

"Your order wrongly states:
The record supports the bankruptcy court's finding that Shalaby's continued failure to obtain the debtor's original ink signature on documents electronically filed with the court violated the local rules. The error was brought to Shalaby's attention, yet he continued to violate the rules. The district court did not abuse its discretion by suspending his filing privileges until he had received training."

Further on, the letter continues:

"Your statement, which is quoted on page 1 above, is simply incorrect. It is not true that <u>'Shalaby's continued failure to obtain the debtor's original ink signature on documents electronically filed with the court violated the local rules,</u> and that '[T]he error was brought to Shalaby's attention, yet he continued to violate the rules.'</u> That statement is false Judge Thomas. That allegation was never even made by anyone, and is not in the record at all. Judge Efremsky confirms this on his order, attached:

>15. As previously noted, the Ninth Circuit Memorandum stated
>that the record supported this court's finding that Mr. Shalaby
>consistently failed to obtain original ink signatures on documents
>electronically filed with the court in violation of the Local Rules,
>that the error was brought to his attention, yet he continued to
>violate the Local Rules.
>
>16. Like the petition for rehearing before the Ninth Circuit, the
>Motion to Amend repeats the contention that this statement in the
>Ninth Circuit Memorandum is factually erroneous as Mr. Shalaby
>shows, **and as this court's 'personal knowledge' confirms**.
>[Emphasis added.]"

As discussed above, Judge Efremsky did not find error in any statement concerning Attorney Shalaby's continuing failure to obtain ink signatures. Judge Efremsky found that the record proved Attorney Shalaby's continuing failure in this regard. Attorney Shalaby's letter to Judge Thomas misrepresents Judge Efremsky's order.

In the course of his efforts to get Judge Battaglia to vacate the Prefiling Order discussed above, on March 6, 2018, Attorney Shalaby filed a document (Dkt # 95 in 11cv68) titled "Supplemental Brief in Support of Motion to Vacate Prefiling Order". In this brief he states the following:

> "Magistrate Johnston was a supervising attorney at the Holland and Knight law firm during the pendency of my actions. That is the firm before you now that represented Bernzomatic in my proceedings at this Court. As no doubt you are aware, he was required as a matter of law to recuse himself. See 28 U.S.C. § 455(a)(2). M.J. Johnston refused to recuse himself. That said, let's take a look now at his order.
>
> Magistrate Johnston's statements that he shared Judge Tuchi's 'experience' about Shalaby 'disrespecting orders' is wholly unsupported by any citation to the record, because it is not true in the slightest. Magistrate Johnston made a very serious mistake with consequences that befall the Court of the pending appeal reverses insofar as his mistake will leave the Court itself with an obligation of almost $16,000 to a 'court-retained expert.' M.J. Johnston, whom again, was a supervising attorney at Holland and Knight during pendency of the my proceedings here in San Diego, hired his own 'court-appointed expert,' then fired that expert before the expert could do any testing at all, leaving the parties with approximately $16,000 to pay that expert. He knew an appeal would be taken (and is now pending), therefore he strangely supported his actions by making statements alleging that I have disrespected orders in his Court. That Never happened, not so much as one single time. I have never disrespected or disobeyed any order in the proceedings before M.J. Johnston. There is not a scintilla of proof or reference on his order to support his incorrect statement that I have disrespected orders in his proceedings. You took his order as true, and used it as a very strong consideration for your decision to deny my motion to set aside the prefiling order, but Magistrate's allegations that I do not abide by orders and that I disrespect them is as untrue as can be. M.J. Johnston did not recuse himself as mandated by law, but he did make untrue statements about me on his order."

On April 14, 2018, Attorney Shalaby filed a request for judicial notice (Dkt # 97 in 11cv68) in the same action:

> "Plaintiff respectfully requests that the Court terminate the prefiling order before the pending May 15, 2018 hearing in Illinois. Even though Plaintiff is aware that

13

the prefiling order cannot 'lawfully' be used to disqualify Attorney Shalaby in that proceeding, the fact of the matter is that the Magistrate Judge, Hon. Iain Johnston, presiding over that case, was a supervising attorney at the Holland and Knight law firm during the pendency of *this* action, and that law firm represented and continues to represent Bernzomatic in this action to this day. The Court is probably aware that Magistrate Johnston should have recused himself as a matter of law (mandatory recusal as explained in the pending brief), but he has not done so, and he is deciding the motion to disqualify Attorney Shalaby with the attached pleading[12] before him on May 15, 2018." (emphasis in original)

On June 12, 2018, in a case pending in the United States District Court for Arizona, Peralta v. Bernzomatic, 17cv3195-JJT, Attorney Shalaby filed, as docket number 82 in that case, a document entitled "Reply to Defendants' Opposition to Plaintiff's Request for Hearing on Pending Motions for Use in Related and Upcoming Proceedings." In that document, Attorney Shalaby states the following on pages 3 to 4:

> "As the Court no doubt knows now, Magistrate Johnston was a supervising attorney at the same law firm that represented 'Bernzomatic' opposite Mr. Shalaby's action in San Diego years ago, and his employment with the Holland & Knight firm was at exactly the time Mr. Shalaby's case was pending. In fact, the Holland & Knight firm continues to represent the 'non-existent' entity, 'Bernzomatic,' in the San Diego prefiling order proceedings. This Court therefore knows that Judge Johnston should have recused himself as a matter of law, and refused to do so. Therein is the real 'misconduct.'
>
> This Court is also aware now that Mag. Johnston did not just refuse to recuse himself, but he also took the most unusual and unprecedented step of active participation in the case, by hiring his own 'court-appointed expert.' It is unheard-of that a Judge would hire his own expert in a products liability case pending before him. Magistrate Johnston then observed that his 'expert' ran up a $16,000 bill without ever examining the products, and realized this would create a very strong basis for reversal on appeal, therefore he fired his own expert. The problem was that he left the parties to pay the $16,000 bill, which they begrudgingly did.
>
> This Court's order has been used in a most vigorous fashion by the defendants and by Magistrate Johnston to completely attack the

---

[12] The "attached pleading" is a partially redacted version of defendants' motion to revoke Attorney Shalaby's PHV admission in this court.

integrity of Attorney Shalaby, not at all in the name of honesty and good faith."

In a document [369] filed with this court on June 18, 2018, Attorney Shalaby states the following: "On June 15, 2018 Defendants filed a motion for leave to file a supplemental brief and exhibits to bring to this Court's attention that Attorney Shalaby believes Magistrate Johnston's refusal to recuse himself after working for the same defense firm that opposed Mr. Shalaby in his own earlier case constitutes misconduct. Mr. Shalaby exercised his First Amendment right of communicating to Judge Tuchi in the Arizona action that Magistrate Johnston's recusal was mandatory. Please see 28 U.S.C. § 455 and dkt. 213 (mtn to recuse)."

Earlier, on November 6, 2017, Attorney Shalaby had filed a motion [208] seeking the mandatory disqualification of Magistrate Judge Johnston pursuant to 28 U.S.C. § 455. On November 8, 2017, Attorney Shalaby filed a supplemental motion [213] also seeking mandatory disqualification under 28 U.S.C. § 455. His argument was that 28 U.S.C. § 455(b)(2) required disqualification because Magistrate Judge Johnston had been a member of the Holland & Knight law firm which represented certain defendants (Newell Rubbermaid, Inc., Rubbermaid, Inc., The Home Depot, Inc., Bernzomatic, an unincorporated division of Irwin Industrial Tools, and Irwin Industrial Tool Company) in Attorney Shalaby's own suit (07cv2107, referenced above in the Prefiling Order entered by Judge Battaglia) against these defendants arising from his use of the same torch plaintiff, Mr. Bailey, alleges injured him. In his original motion [208] he references an internet post https://www.bloomberg.com/profiles/people/18345401-iain-david-johnston which in the career history section for Magistrate Judge Johnston lists him as Senior Counsel at Holland & Knight LLP 2003-2008. Directly above this entry in the post is another entry for Magistrate Judge Johnston which lists him as Partner at Johnston Greene LLC 2008-2013. In his supplemental motion [213], Attorney Shalaby notes that Holland & Knight had recently entered an appearance in 11cv68, Judge Battaglia's case, in opposition to Attorney Shalaby's motion to vacate the Prefiling Order.

28 U.S.C. § 455(b)(2) provides that a justice, judge, or magistrate judge shall disqualify himself "[w]here in private practice he served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." Disqualification is mandatory under this provision.

On November 14, 2017, Magistrate Judge Johnston heard argument on the motions and denied them. He stated on the record [236] that from 2003 to "no later than April 1st, 2008" he did practice at Holland and Knight. On April 1, 2008, he started a law firm of his own, Johnston Greene, LLC. The docket in Attorney Shalaby's case 07cv2107 shows that on June 20, 2008, Shelley G. Hurwitz of Holland and Knight substituted in for the defendants' prior attorney, J. Philip Moorhead of Keller, Price & Moorhead (Dkt. #17 in 07cv2107). No attorney from Holland & Knight was serving as counsel for any party in that case prior to June 20, 2008. Magistrate Judge Johnston concluded based on these facts that no "lawyer with whom he

15

previously practiced law" had "served during such association as a lawyer concerning the matter." Nothing has been presented to contradict Magistrate Judge Johnston's statement that from April 1, 2008, more than two months before Holland & Knight entered Attorney Shalaby's 07cv2107 case, Magistrate Judge Johnston no longer was associated with Holland & Knight.

Attorney Shalaby, in docket numbers 95 and 97 in Shalaby v. Bernzamatic, 11cv68 and docket number 82 in Peralta v. Bernzomatic, 17cv3195-JJT falsely stated that Magistrate Judge Johnston violated 28 U.S.C. § 455(b)(2) when Magistrate Judge Johnston did not disqualify himself in this case. Attorney Shalaby made these false statements even though he knew from his participation in the hearing on November 14, 2017 that Magistrate Judge Johnston no longer was associated with Holland & Knight at the time one of its attorneys entered her appearance in Attorney Shalaby's 07cv2107 case in June 2008 and knew that Magistrate Judge Johnston was a partner in his own firm Johnston Greene, LLC as of and after April 1, 2008. Attorney Shalaby made these false statements even though, during the November 14, 2017 hearing, Magistrate Judge Johnston had described to Attorney Shalaby how Magistrate Judge Johnston's April 1, 2008 change of law firm could be confirmed by searching his name in the Northern District of Illinois' CM/ECF system and even identified one such case for Attorney Shalaby.[13]

While the objections to Magistrate Judge Johnston's order [333] on defendants' motion to revoke Attorney Shalaby's PHV admission were pending, Attorney Shalaby filed a petition for admission to the general bar of this court. In that petition, as in his PHV application, he again answered "No" to the question: "Has the petitioner ever been, or is the petitioner currently, the subject of an investigation of the petitioner's professional conduct?" He provides an explanation for this answer in his general bar petition as follows: "The State Bar has 'inquired'. I do not believe an 'inquiry' is an 'investigation' as an investigation cites to a violation and investigates the violation, and this did not happen. I believe the answer is 'no' for this inquiry, My State Bar record is clean and I have never been cited or accused of a violation." This answer appears to be misleading.

Attorney Shalaby's reference to an "inquiry" as opposed to an "investigation" goes to distinct phases in the OCTC's attorney disciplinary process. "Inquiry refers to the evaluation of a written complaint after its receipt by the Intake Unit of OCTC. The purpose of an inquiry is to determine whether an investigation or other action is warranted based on information relating to alleged professional misconduct. OCTC <u>first assigns an inquiry number</u> to each complaint and <u>then a case number to each complaint when an investigation is opened</u>." The State Bar of California, *Attorney Discipline Report For Year Ending December 31, 2014* (April 30, 2015) (emphasis added). An investigation is more serious than an inquiry. "As opposed to reportable

---

[13] Gregory v. City of Evanston, No. 06cv4093, pending before Judge St. Eve. A quick search of his name in the Northern District of Illinois' CM/ECF records shows several other cases as well in which he filed on March 31, 2008 notices of his change of address effective April 1, 2008. For example [52] in 07cv0088, [21] in 07cv3967, and [22] in 07cv6906. These notices each showed his change of firm to Johnston Greene LLC effective April 1, 2008.

actions and inquiries, an investigation is the most serious undertaking by the OCTC. This is because the OCTC has already determined there is reasonable cause to believe the complaint on its face alleges professional misconduct within the jurisdiction of the State Bar." California Practice Guide: Professional Responsibility, § 11:368.5. In discussing correspondence from the OCTC relating to an investigation, the California Practice Guide states:

> The following three items typify an investigation:
> — the upper right hand corner of the letterhead states, "Office of
> the Chief Trial Counsel: Enforcement";
> — the "RE" line states "Case Number" and is followed by a
> number with the last two digits of a year, hyphen, the letter "O",
> hyphen, and a five digit number (e.g., 11-0-00001); and
> — the letter is signed by an investigator.
> Id,

As noted above, Investigator Hester's letter to Attorney Shalaby contained all of these. Investigator Pomrantz's email discusses the "ongoing State Bar Investigation No. 15-O-14848 (previously handled by Wesley Hester)." Attorney Shalaby in his filing with the 9th Circuit identifies the matter as an investigation. In his response [349] in this court, to defendants' objection to Magistrate Judge Johnston's denial of defendants' motion to revoke Attorney Shalaby's pro hac vice admission, Attorney Shalaby identifies the matter that was before the State Bar as an investigation. His subsequent characterization of the investigation as an inquiry appears to be misleading.

On or before September 25, 2018, Attorney Shalaby is ordered to show cause, in writing, why he should not have his pro hac vice admission revoked or be otherwise sanctioned for the matters discussed above arising after Magistrate Judge Johnston's entry of the order [333] on defendant's motion to revoke Attorney Shalaby's pro have vice admission and the filing of the objections thereto. Specifically, Attorney Shalaby must address:

1) His repeated misstatements of the content of Judge Efremsky's order entered May 8, 2018.

2) His repeated false statements that Magistrate Judge Johnston was employed by Holland & Knight at the time Holland & Knight attorneys were representing the defendants in Attorney Shalaby's personal litigation against them and that Magistrate Judge Johnston refused to disqualify himself in the current case though such disqualification was mandated by 28 U.S.C. § 455(b)(2) due to that employment.

3) His statement in his general bar application that he believed the State Bar of California only made an inquiry rather than conducted an investigation of him when previously in this case he referred to the state bar matter as an investigation and his request for judicial notice to the 9th Circuit and the documents attached thereto indicate the matter was an investigation.

Unless later ordered by the court, no response by defendants is requested.

The court defers ruling on the ultimate questions raised by defendants' objection [343] until after receiving Attorney Shalaby's response to this order to show cause.

Date: 9/04/2018  ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)