IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Kurtis M. Bailey, | Case No.: 16-cv-07548 PRG-IDJ |
| Plaintiff, | Hon. Philip G. Reinhard |
| vs. | |
| | Date: June 26, 2019 |
| | Time: 10:00 a.m. |
| Worthington Cylinder Corporation, et al., | Judge: Hon. Lisa A. Jensen |
| Defendants. | |

DAVID CHEN'S VERIFIED MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF

Lead Counsel
David Wei Chen   sbn 184071
1300 Clay Street, Suite 600
Oakland, CA 94612-1427
Tel. 510-575-0851
Fax: 510-201-1577
Cell: 510-640-7251
email: david.chen@davidwchenlaw.com

Attorneys for Plaintiff Kurtis M. Bailey

Local Counsel
John Martin Nelson, SBN 2031671
John Nelson Law Offices
1318 East State Street
Rockford, IL 61104-2228
Tel. (815) 964-8800
Fax: (815) 965-4573
email: jmnconst1318@yahoo.com

**MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

Pursuant to Local R. 83.17, David W Chen ("Movant") hereby moves to withdraw as counsel for Plaintiff. Movant states the following grounds for this notice and motion.

1. This action was filed by California attorney Mr. Andrew W. Shalaby, who served as lead counsel for Mr. Kurtis Bailey. However, due to an apparent serious medical illness, the Court stayed these proceedings on February 5, 2018 (262 p.2):

> The case is stayed pending the conclusion of Mr. Shalaby's medical treatment. The Court wishes Mr. Shalaby the best of luck in his treatment. After the medical treatment is concluded, Mr. Shalaby must file a written status report indicating that he is able to proceed with the case. Mr. Shalaby must also file under seal a doctor's note stating that Mr. Shalaby is capable of returning to work and that any medications he is prescribed will not impair his professional judgment. Once this status report and doctor's note are provided, the court will set a date by which counsel must provide a revised proposed case management order.

2. On March 26, 2018 Defendants then moved to revoke Mr. Shalaby's *pro hac vice* admission on various grounds (310).

3. On April 23, 2018 the Court denied Defendants' motion (333).

4. On May 7, 2018 Defendants appealed, by way of a Rule 72 objection, to the Honorable Judge Reinhard (343).

5. On May 15, 2018 the Court stayed the proceedings pending ruling on Defendant's objection to the order denying their motion to revoke Mr. Shalaby's PHV admission (362).

6. On August 15, 2018 Mr. Chen filed his appearance as co-counsel for Mr. Bailey (372, 373). Mr. Shalaby had reached out to Mr. David W. Chen to handle the jury trial. The agreement between Mr. Bailey and counsels was that Mr. Shalaby would handle all pretrial proceedings, while Mr. Chen would review filings and pleadings to keep informed and to be trial counsel if the matter were to proceed to trial.

7. On September 4, 2018 the Honorable Judge Reinhard issued an order to show cause why the PHV admission of Mr. Shalaby should not be revoked for various reasons (382). The issuance of the OSC was not an anticipated event for Mr. Chen or for local counsel Mr. Nelson.

8. On February 1, 2019 the Honorable Judge Reinhard revoked Mr. Shalaby's admission. (402).

9. On February 7, 2019 Plaintiff appealed the order revoking Mr. Shalaby's admission (406). The appeal is pending at this time (19-1240, CA07).

10. On May 14, 2019 Defendant Worthington filed a motion to "enjoin" Attorney Shalaby from "further appearing and participating as counsel for Plaintiff" (460). The motion makes allegations and presents a view of the Illinois Rules of Professional Conduct, Rule 5.5(a), which appears to be incorrect (460 paragraph 4).

11. On June 5, 2019 Worthington filed a reply brief again raising allegations that Mr. Shalaby and Mr. Chen are violating the Illinois Rules of Professional Conduct (467 pp.1-2).

**II. MOTION OF DAVID W. CHEN TO WITHDRAW AS COUNSEL PURSUANT TO LR 83.17**

Local Rule 83.17 requires leave of Court for an attorney to withdraw:

Withdrawal, Addition, and Substitution of Counsel

Once an attorney has filed an appearance form pursuant to LR83.16, that attorney is the attorney of record for the party represented for all purposes incident to the proceeding in which the appearance was filed. The attorney of record may not withdraw, nor may any other attorney file an appearance on behalf of the same party or as a substitute for the attorney of record, without first obtaining leave of court, except that substitutions or additions may be made without motion where both counsel are of the same firm. Where the appearance indicates that pursuant to these rules a member of the trial bar is acting as a supervisor or is accompanying a member of the bar, the member of the trial bar included in the appearance may not withdraw, nor may another member be added or substituted, without first obtaining leave of court.

The overriding concern on a motion to withdraw is to insure that the rights of the plaintiff are not overlooked. *Woodall v. Drake Hotel, Inc.*, 913 F.2d 447, 450 (7th Cir. 1990).

    Withdrawal of Mr. Chen as Mr. Bailey's counsel is mandatory to insure Mr. Bailey does not suffer prejudice, because the unanticipated event of revocation of Mr. Shalaby's PHV admission now places responsibility on Mr. Chen to handle all pretrial proceedings. Mr. Chen is a solo practitioner with a very active trial calendar in state court in California which was the reason Plaintiff and Mr. Shalaby asked him to join as co-counsel. However, after Mr. Shalaby was removed as counsel, Worthington has alleged in several pleadings that Mr. Chen and Mr. Shalaby are conspiring to violate the Illinois Rules of Professional Conduct and violating Judge Reinhard's order revoking Mr. Shalaby's PHV admission. Mr. Chen is not able to continue with this representation without the assistance of Mr. Shalaby, and unwilling to continue in light of Defendant's objections and contentions of impropriety. The fact that Mr. Chen does not have experience in the Federal Rules of Civil Procedure makes it twice as difficult and time consuming for Mr. Chen to ensure that the case is being handled properly. Mr. Chen respectfully requests that the Court grant his motion to withdraw as counsel.

    There will also be no prejudice to Plaintiff if Mr. Chen is allowed to withdraw. There is no case Management order in place in this matter and no trial date. The majority of the discovery in the case has occurred prior to Mr. Chen's involvement in the case.

    Mr. Chen points the Court that on page 8 of the Court order issued on the motion to quash the subpoena of Mr. David Thomas in NY (6:18-mc-06011-EAW), the Court points out that there remains a stay in this action pending entry of a case management order in this action:

> [o]n March 20, 2018, the Bailey court entered a minute entry expressly stating that the stay would remain in place until a case management order was "reviewed and entered by the Court." (Bailey Action, Dkt. 302). No case management order has been entered in the Bailey Action since that date nor does the docket otherwise reflect that the stay has been lifted. Mr. Shalaby's representation that the stay is no longer in place is not sufficient

to establish that discovery in the Bailey Action is now proceeding, particularly in light of the fact that he is no longer counsel of record in that matter.

Therefore, the case remains stayed at this time. Mr. Chen further notes that the order revoking Mr. Shalaby's PHV admission remains up on appeal.

I, David W. Chen, declare under penalty of perjury of the laws of the State of Illinois that the foregoing is true and correct and within my personal knowledge.

Dated: June 5, 2019            s/David W. Chen
                                               David W. Chen