IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Kurtis M. Bailey, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 CV 07548 |
| | ) | |
| vs. | ) | |
| | ) | Judge Philip G. Reinhard |
| Worthington Cylinder Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, plaintiff's motion [489] to retransfer this case is denied, defendants' motion [460] to bar is denied, plaintiff's motion [462] to clarify is denied, and defendants' motion [454] to strike is granted. A status hearing remains set before Magistrate Judge Jensen on November 25, 2019 at 9:00 AM. Whether plaintiff has retained or will be seeking to retain counsel can be discussed at that hearing.

## STATEMENT-OPINION

Before the court are four motions: (1) plaintiff's motion [489] to retransfer this case to the United States District Court for the Central District of California[1]; (2) defendants' motion [454] to strike portions of plaintiff's third amended complaint; (3) defendants' motion [460] to bar Attorney Andrew Shalaby from further appearing or participating as counsel for plaintiff; and (4) plaintiff's motion [462] to clarify or modify the court's order [402] revoking Attorney Shalaby's pro hac vice ("PHV") admission in this case.

Attorney David Chen entered his appearance as co-counsel for plaintiff on August 15, 2018 [372] [373]. At that time, Attorney Shalaby was plaintiff's lead counsel and Attorney John Nelson was serving as local counsel. After the revocation of Attorney Shalaby's pro hac vice admission, Attorney Chen remained as counsel of record for plaintiff until June 26, 2019 when Magistrate Judge Jensen entered an order [483] granting Attorney Chen's motion to withdraw. Prior to entry of the order granting Attorney Chen's motion to withdraw, Attorney Nelson, anticipating that the motion to withdraw would be granted, filed, on behalf of plaintiff, a motion [471] requesting a stay of proceedings until new lead counsel for plaintiff could be obtained. In that motion, Attorney Nelson advised he was not able to assume the role of lead counsel for plaintiff. Magistrate Judge Jensen granted [483] the motion to stay, in part, staying the case until September 4, 2019 and ordering plaintiff to appear telephonically at a September 4, 2019 status hearing "and report if he has retained counsel." The motion [489] to retransfer the case was filed

---

[1] This case was transferred from the Central District of California to the Northern District of Illinois by order [35] entered July 25, 2016 by District Court Judge Kronstadt.

August 15, 2019. The scheduled September 4, 2019 status hearing was later reset to November 25, 2019.

Of the motions currently before the court, all but the motion to retransfer were filed while Attorney Chen was counsel for plaintiff. The retransfer motion was filed by Attorney Nelson after Attorney Chen's withdrawal. No new attorney has entered an appearance for plaintiff.

Plaintiff seeks to retransfer this case to the Central District of California so Attorney Shalaby will be able to represent him in this action. Plaintiff asserts he has been unable to find new counsel since Attorney Chen's withdrawal. Having had his PHV admission revoked in this case and having been denied admission to the general bar of this court, Attorney Shalaby cannot represent plaintiff in this court.

This court is "bound by law-of-the-case principles that apply to transfer decisions of another district court." In re Mathias, 867 F.3d 727, 729-30 (7th Cir. 2017). "Although a court may revisit a prior decision of its own or a coordinate court, it ordinarily should not do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." Id., at 730 (quotation marks and citations omitted). The policies that support the law-of-the-case doctrine "apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." Id. (quotation marks and citations omitted).

The post-transfer preclusion of Attorney Shalaby from representing plaintiff in this case and plaintiff's asserted inability to find new counsel have nothing at all to do with the decision made three years ago by Judge Kronstadt to transfer the case to Illinois. Plaintiff offers no basis for finding Judge Kronstadt's transfer decision was clearly erroneous and would work a manifest injustice. Id. Nothing in the record suggests any error by Judge Kronstadt at all.

In addressing the motion, Judge Kronstadt stated:

"Plaintiff does not dispute that proceedings in either Illinois or Ohio would be more convenient for the parties than if proceedings were conducted in this District. However, Plaintiff argues that proceedings here would be significantly more convenient for Plaintiff's counsel, who practices in California and is 'perhaps the one and only attorney in the country with sufficient knowledge and resources' to litigate this case. Dkt. 21 at 3. At the hearing, Plaintiff's counsel added that, because he is not admitted to practice in Illinois, he could not appear in a district court there. He conceded that he could be admitted pro hac vice in that district, but stated that he does not know any counsel there who could support his application for that status."

After reviewing the fact that plaintiff, everyone who provided him medical care after the incident, and the custodian of the records of plaintiff's employer all reside in the Northern District of Illinois, Judge Kronstadt wrote:

"The core of Plaintiff's position is that the expert witnesses he intends to call reside in California. Id. at 6-9. Plaintiff refers to three of them as 'percipient' expert witnesses, apparently because each has served as an expert in prior similar cases. He also refers to three 'injury victim' witnesses here whom he claims suffered injuries while using the product in California. Id. at 3. Neither of these positions carries weight. As noted, the location of expert witnesses carries little, if any weight in the analysis of convenience. Moreover, an expert testifies as to his or her opinions, not on disputed factual matters. No explanation is offered as to the potential admissibility of others who were allegedly injured while using the product. In general, such testimony would be deemed irrelevant or precluded by Fed. R. Evid. 403."

The decision to transfer was not clearly erroneous nor did it work a manifest injustice. In accordance with the law-of-the-case principles enunciated by the Court of Appeals in In re Mathias, set out above, the motion to retransfer this case to the Central District of California is denied.

As to the motion to bar, defendants ask the court to enter another order enjoining Attorney Shalaby's participation as an attorney for plaintiff in this case as well as barring him from appearing in court on this matter as attorney for the plaintiff. Attorney Shalaby is already barred from doing these things by the order revoking his PHV admission revocation. Entering a new order would be pointless. The motion is denied.[2]

Plaintiff asks the court to enter an order clarifying the order revoking Attorney Shalaby's PVV admission to "make clear that Attorney Shalaby may be allowed to participate in Plaintiff's case, in the capacity as legal assistant for Plaintiff's counsels of record." Since filing this motion, plaintiff's attorney, David Chen, has withdrawn. Attorney Nelson remains in the case only as local counsel. His appearance form [181] expressly states that he is not acting as lead counsel, is only acting as local counsel, and that he will not be the trial attorney if the case reaches trial. In the motion to stay [471] he filed for plaintiff, Attorney Nelson confirmed he was not able to assume the role of lead counsel for plaintiff.

LR83.16(b) requires an appearance form to be filed by every attorney "who represents a party in any proceeding brought in this Court." LR83.17 provides: "An attorney who has filed an appearance form pursuant to LR83.16 is the attorney of record for the party represented for all purposes incident to the proceeding in which the appearance was filed." LR83.15(a) provides: "An attorney not having an office within this District ('nonresident attorney') may appear before this Court only upon having designated as local counsel a member of the bar of this Court having an office within this District upon whom service of papers may be made." It further provides: "Local counsel shall file an appearance but is not required to participate in the case beyond performance of the duties identified in section (c)." Section (c) expressly states "[t]his rule does not require local counsel to handle any substantive aspects of the litigation."

---

[2] If defendants or defense counsel believe Attorney Shalaby is violating an order of this court's Executive Committee, the local rules of this court, or any Illinois rules governing the practice of law, they should follow the procedures for filing complaints with this court's Executive Committee as provided in the local rules or with the Illinois Attorney Registration and Disciplinary Commission.

With the withdrawal of Attorney Chen, plaintiff no longer has an attorney of record pursuant to LR83.17 as no attorney has filed an appearance form pursuant to LR83.16 on plaintiff's behalf. As there is no longer a nonresident attorney of record representing plaintiff in this case, local counsel under LR83.15 is no longer necessary or appropriate. Attorney Nelson's appearance as local counsel, therefore, will be terminated as of the status hearing before Magistrate Judge Jensen referenced in the conclusion of this order. If Attorney Nelson is to continue in this case plaintiff will need to retain him as lead counsel and he will have to file an appearance form pursuant to LR83.16 to become attorney of record under LR83.17. Of course, plaintiff is free to retain other counsel (and to have Attorney Nelson serve as local counsel if necessary for any new retained counsel if plaintiff so desires) or plaintiff may choose to proceed pro se.

As plaintiff does not have counsel of record at this time, plaintiff's request for an order allowing Attorney Shalaby to participate in the case as a legal assistant for counsel of record is denied as moot. Attorney Shalaby is not allowed to act in any capacity in this case.[3]

Defendants move to strike portions of the third amended complaint pursuant to Fed. R. Civ. P. 12(f) which provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." As the court ruled back on January 11, 2017, in addressing a motion to dismiss the second amended complaint, the only claims that remain at issue in this case are Illinois tort claims: (1) for injuries sustained by plaintiff due to a failure caused by defects in the product (a torch and cylinder) plaintiff was using when he was injured; and (2) for failure to warn of the unreasonably dangerous condition of the product due to defects in the product known to defendants prior to the product leaving defendant's control and being sold to plaintiff. Dkt # 73 at p.3. The third amended complaint added additional defendants Worthington Cylinders Wisconsin, LLC, and Worthington Cylinder Corporation, LLC[4]. Defendants have admitted Worthington Cylinders Wisconsin, LLC manufactured the product plaintiff alleges he was using when he was injured. The addition of Worthington Cylinders Wisconsin, LLC as a defendant appears to be the only germane addition made by the third amended complaint.

Defendants correctly point out in their reply that Magistrate Judge Jensen granted leave to file the third amended complaint to add new defendants not to add additional claims and that Attorney Chen confirmed on the record on May 20, 2019 (after he had filed the third amended complaint) that the only claims the case continues to allege are, as noted above, design/manufacturing defects and a failure to warn concerning the product plaintiff was using at the time he alleges he was injured. Dkt. # 466, p.2-3. Accordingly, any allegations in the third amended complaint not limited to these remaining claims will be stricken. Paragraphs 23, 27, 30, 31, 35, 36, and 39 as well as any reference anywhere in the complaint to the TS4000 torch and MAPP cylinder are stricken as irrelevant to the claims pending in this case.

---

[3] See separate order entered today.
[4] The records of the Ohio Secretary of State show Worthington Cylinder Corporation, LLC was merged into Worthington Cylinder Corporation effective April 30, 2018 (Document No. 201812003386) so it is unclear what plaintiff gains by naming as a defendant a corporation that was merged out of existence and into a corporation which is already a defendant in this case.

4

Also stricken are paragraph 18, Exhibit TAC-1 and all references to the UTS Study. The UTS Study is evidence subject to the rules relating to expert opinion and it must enter the case via those rules not by being incorporated into the complaint.

Plaintiff's request for special damages also is stricken as no item of special damage is specifically stated as required by Fed. R. Civ. P. 9(g) as is plaintiff's request for punitive damages for fraud as there are no claims for fraud pending in this case.

For the foregoing reasons, plaintiff's motion [489] to retransfer this case is denied, defendants' motion [460] to bar is denied, plaintiff's motion [462] to clarify is denied, and defendants' motion [454] to strike is granted. A status hearing remains set before Magistrate Judge Jensen on November 25, 2019 at 9:00 AM. Whether plaintiff has retained or will be seeking to retain counsel can be discussed at that hearing.

Date: 11/20/2019                    ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)