IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Kurtis M. Bailey, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 07548 |
| | ) | |
| vs. | ) | |
| | ) | |
| Worthington Cylinders Wisconsin LLC, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

## ORDER

      For the reasons stated below, plaintiff's motion [613] to disqualify Judge Johnston is denied. Plaintiff's motion [605] to reconsider the revocation of the pro hac vice admission of Attorney Andrew Shalaby is denied. Plaintiff's motion [617] [618] to exclude defendant's experts is denied. Plaintiff's objection [589] to Magistrate Judge Jensen's order [588] and plaintiff's objection [599] to Magistrate Judge Jensen's order [596] are overruled. Plaintiff's objection [608][610] to Magistrate Judge Jensen's report and recommendation [602] is overruled, the report and recommendation [602] is accepted and defendant's motion [579] to preclude plaintiff from introducing testimony and documents from plaintiff's disclosed expert witnesses Anthony Roston and Manuel Marieiro is granted. This case is returned to Magistrate Judge Jensen for the management of further pretrial matters.

## STATEMENT-OPINION

      Before the court are the following matters brought by plaintiff, Kurtis Bailey, who is proceeding pro se: (1) plaintiff's motion [613] to disqualify Judge Johnston; (2) plaintiff's motion [605] to reconsider the revocation of the pro hac vice ("PHV") admission of Attorney Andrew Shalaby; (3) plaintiff's objection [608][610] to Magistrate Judge Jensen's report and recommendation [602]; (4) plaintiff's objection [589] to Magistrate Judge Jensen's order [588]; (5) plaintiff's objection [599] to Magistrate Judge Jensen's order [596]; and (6) plaintiff's motion [617] [618] to exclude.

**Motion to Disqualify [613]**

      Plaintiff moves to disqualify Judge Johnston from this case. Judge Johnston is not assigned to this case. On April 12, 2019, the magistrate judge referral in this case was reassigned from then Magistrate Judge Johnston to Magistrate Judge Jensen [446]. Judge Johnston is now a district court judge and this case has not been reassigned to him. Plaintiff bases his motion to disqualify on his assertion that Judge Johnston blocked the filing of an exhibit plaintiff submitted with his motion to reconsider the PHV revocation of Attorney Shalaby [605]. This exhibit was later filed as part of an exhibit [614-1] to Dkt # 614 filed on February 3, 2021. Plaintiff asserts the fact that a "filed" stamp bearing Judge Johnston's name appears on documents [608] [609]

[610], which were all filed on February 1, 2021, means that the Executive Committee of the district court "delegated the Shalaby matters to Judge Johnston" and that plaintiff's exhibit submitted with [605] was blocked from being filed by Judge Johnston.

Disqualification of a judge is governed by 28 U.S.C. § 455.[1] The proper procedure for seeking disqualification of a judge under Section 455 is to present the motion to the judge sought to be disqualified who then determines whether to disqualify himself or herself or to ask that the motion be assigned to a different judge. *See e.g., Burke v. Regalado*, 935 F.3d 960, 1052. n.83 (10th Cir. 2019). Plaintiff addressed his motion to this court and not to Judge Johnston. Any motion to disqualify Judge Johnston needs to be addressed to Judge Johnston in the first instance. Plaintiff should note that such a motion appears to be not germane, as Judge Johnston is not assigned to this case, and might be found to be frivolous and subject to sanctions. Plaintiff's motion to disqualify Judge Johnston [613] is denied.

As noted, Judge Johnston is not assigned to this case. The fact his "filed" stamp appears on the three documents [608] [609] [610] most likely means someone working in the clerk's office inadvertently picked up the wrong stamp. The documents should have been stamped with the stamp of the clerk of court as part of the normal practice. As the email correspondence plaintiff attached to [614-1] indicates, the document, which eventually was filed as a part of [614-1], was not accepted for filing when presented with [605] because that document had been prepared by a restricted filer and was subject to review by the court's executive committee. Its exclusion from filing with [605] was not the result of any action by Judge Johnston.

In his motion [613], plaintiff also raises again, his argument that because the parties never consented to the jurisdiction of a magistrate judge, the rulings made by the magistrate judges in this case are void. He contends this means Magistrate Judge Johnston's ruling [333] on defendants' motion to revoke Attorney Shalaby's PHV admission was void and therefore, that this court's order [402] revoking Attorney Shalaby's PHV admission is also void.

Plaintiff previously raised the issue of lack of consent to the jurisdiction of a magistrate judge [568] [569] [571] when he sought to transfer the case to a district court judge. Magistrate Judge Jensen entered an order [572] denying the motion [571] and advising plaintiff that consent of the parties to a magistrate judge is not required for non-dispositive pretrial matters [572]. In that order, Magistrate Judge Jensen cited 28 U.S.C. § 636 which clearly allows a magistrate judge to determine any pretrial matter (with certain exceptions) and to conduct hearings and make recommendations for disposition for any of the excepted motions, where a district judge has designated a magistrate judge to do so. 28 U.S.C. § 636 (b)(1)(A), (B) & (C). The consent of the parties is not required for the magistrate judge to enter orders or recommendations under these provisions. This designation of a magistrate judge occurs at the time a case is opened in this court pursuant to Internal Operating Procedure 11(d) and by any subsequent designation of a different magistrate judge. Section 636(c) allows the parties to consent to having a magistrate judge handle any or all aspects of the case and enter final judgment. But no consent is required for non-dispositive pretrial matters. 28 U.S.C. § 636 (b)(1)(A) & (B). As plaintiff is well aware, orders and recommendations entered by a magistrate judge on non-dispositive matters under the provisions of 28 U.S.C. § 636 (b)(1)(A) & (B) may be objected to and the objections determined

---

[1] A pro se party cannot proceed under 28 U.S.C. § 144. *Watford v. LaFond*, 725 Fed. Appx. 412, 414 (7th Cir. 2018).

by a district court judge. Fed. R. Civ. P. 72. The orders entered by the magistrate judges in this case have been within the authority granted them by Section 636.

**Motion to Reconsider [605]**

Plaintiff moves for reconsideration [605] of the revocation [402] of Attorney Shalaby's PHV admission. Plaintiff states his motion is "based on Judge Johnston's statement on 333 p.5 explaining that the harm to me had to be considered." Plaintiff argues the revocation order "did not say anything at all about the harm the disqualification of Shalaby would cause to me and my case." He also argues that revocation of Attorney Shalaby's PHV admission was too harsh a sanction for Attorney Shalaby's "innocent mistake" of misstating that "Judge Johnston worked for the HK firm at the same time it represented Bernsomatic" in a lawsuit filed by Attorney Shalaby to recover for his own personal injuries from burns he sustained using a torch.

The revocation order detailed numerous misrepresentations made by Attorney Shalaby beyond his misrepresentations concerning Judge Johnston's employment with Holland & Knight. Suggesting that the misrepresentations concerning Judge Johnston's employment were the only basis for the PHV admission revocation ignores a large part of the opinion. The misrepresentations were many and the weight of them led to the revocation of Attorney Shalaby's PHV revocation. As the court stated in the revocation order: "False statements to the court are a sound basis for revoking an attorney's pro hac vice admission, *Ryan v. Astra Tech, Inc.*, 772 F.3d 50, 63 (1st Cir. 2014) ('[a]nyone who thinks it important that lawyers not lie to judges would be surprised if the court had done otherwise.') The 'whole of abusive action is greater than the sum of the parts of which it is made.' *Fuery v. City of Chicago*, 900 F.3d 450, 454 (7th Cir. 2018). '[T]hese incremental abuses chip away at the fair administration of justice and frustrate a trial judge's faith that she can rely upon the lawyers before her—officers of the court—to set forth a fair and accurate presentation of the facts and law. And for this reason we leave the evaluation of such abuse to the discretion of district courts which must manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' *Id*. (quotation marks and citations omitted)." The court went on to find "Attorney Shalaby has misrepresented the content of court orders and misrepresented facts appearing in the record. Attorney Shalaby cannot be trusted to accurately present the facts and law in this case." The court does not see revoking the PHV admission of an attorney the court has concluded it cannot trust to accurately present the facts and law as being harmful to the party who had been represented by that attorney.

Moreover, at the time Attorney Shalaby's PHV admission was revoked, plaintiff was represented by Attorney David Wei Chen, who is a member of the bar of the United States District Court for the Northern District of Illinois. Attorney Chen had entered his appearance [373] on August 15, 2018. The revocation did not leave plaintiff without an attorney. The court stated in the revocation order: "Dealing with Attorney Shalaby's voluminous filings and his string of misrepresentations in them has consumed an excessive amount of the court's time. Plaintiff continues to be represented by Attorney David Chen and local counsel Attorney John Nelson. The court trusts they will serve the plaintiff's interest and present his case effectively." Dkt # 402, p. 47. Plaintiff appeared to be well represented at that time.

Subsequently, Attorney Chen moved to withdraw [468] and Magistrate Judge Jensen granted the motion, noting it was unopposed [483]. No objection was filed to this order. Plaintiff later sought to have Attorney Shalaby readmitted PHV [521]. In the order denying this motion [533], the court quoted the order [484] entered by the court of appeals when it dismissed plaintiff's appeal of the revocation order:

> "Plaintiff Kurtis Bailey filed a notice of appeal from an order that revoked attorney Andrew Shalaby's pro hac vice status, precluding attorney Shalaby (an attorney licensed in California) from representing plaintiff Bailey in this case. But an order granting or denying a motion to disqualify counsel in a civil case is not immediately appealable under the collateral order doctrine. See Richardson-Merrell, Inc. v. Koller, 472 U.S. 424 (1985). Plaintiff Kurtis Bailey must wait until the case is at an end to seek review of this order. Incredibly, appellant's response ignores the holding in Richardson-Merrell, choosing instead to cherry-pick a general statement from the case describing the collateral order doctrine (and repeating it verbatim in the conclusion of his response) and then citing two cases that pre-date Richardson-Merrell. Such a response is troubling as it comes from a lawyer."

This court then stated: "In the appeal from the revocation order, Attorney Shalaby engaged in the same type of misconduct that brought about the revocation of his pro hac vice admission. Plaintiff has made clear he would like to have Attorney Shalaby represent him and that other attorneys have declined to do so. However, neither the interests of justice nor of the plaintiff appear likely to be served by Attorney Shalaby's readmission. The court will not readmit Attorney Shalaby pro hac vice in this case." Now as then, the court is not persuaded that its revocation of Attorney Shalaby's PHV admission was in error or that allowing him to be readmitted would serve either the interests of the plaintiff or the interests of justice. Plaintiff's motion to reconsider [605] is denied.

**Objection [608][610] to Report & Recommendation [602]**

Plaintiff objects pursuant to Fed. R. Civ. P. 72(b)(2) to Magistrate Judge Jensen's report and recommendation [602] that defendants' motion [579] to preclude plaintiff from introducing testimony and documents from two of his disclosed expert witnesses, Anthony Roston and Manuel Marieiro, because plaintiff failed to comply with court orders to produce them for deposition, be granted. Plaintiff objects arguing plaintiff cannot be punished for not forcing Roston and Marieiro to appear for deposition without being subpoenaed. Plaintiff states in his objection [610] that "I don't have the ability to force anyone to waive a subpoena and appear. They already said they want to protect their UTS report submission to the CPSC and needed a subpoena to take to the court in California. It looks like that's their right by law. I can't be punished for not being able to force them to give up their rights."

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, 705." These evidence rules deal with expert opinion evidence. Plaintiff disclosed Roston, Marieiro, and Andrew Shalaby as his expert witnesses [525]. Rule 26(b)(4)(A) provides that "a party may depose any person who has been identified

as an expert whose opinions may be presented at trial." Thus, if a party wants to introduce expert evidence at trial, the party must disclose the identity of the expert witness to the opposing party and the opposing party must be allowed to depose that expert in order for the expert's opinions to be presented at trial. If plaintiff wanted Roston and Marieiro's expert opinions to be presented at trial, defendants had to be allowed to depose them.

  On 7/30/2020, defendants filed a motion [553] to compel plaintiff to present his expert witnesses for deposition or be precluded from introducing their testimony at trial. At a hearing on this motion on 8/7/2020, the record [559] shows plaintiff agreed to present his experts for deposition on 9/15/2020, 9/16/2020 and 9/17/2020. After this hearing, Magistrate Judge Jensen entered an order [558] which granted defendants' motion [553] "in part as follows: pro se Plaintiff Kurtis Bailey must present his experts on one or more of the dates agreed to in open court. Depositions of Plaintiff's experts shall proceed in compliance with Judge Reinhard's order [551]."[2] Plaintiff did not file a Rule 72 objection to this magistrate judge order [558]. The depositions however did not occur on these dates.

  Plaintiff again agreed, at a hearing on 9/18/2020 [573] to present his experts for deposition on 10/6/2020, 10/7/2020, and 10/8/2020 and after the hearing Magistrate Judge Jensen entered an order [567] that ordered plaintiff "to present his experts for their depositions" on those dates. Plaintiff did not file a Rule 72 objection to this order of the magistrate judge.

  When the dates scheduled for the depositions arrived, Shalaby appeared and was deposed but Roston and Marieiro did not. By letter to plaintiff dated 10/10/2020 [577], Roston and Marieiro advised plaintiff that they had declined to appear on the agreed dates because they had not been subpoenaed. The letter's final paragraph states: "When Bernzomatic decided not to afford us our due process rights to service of subpoenas it took the risk of not being able to depose us before the close of discovery yesterday. The order said we could not appear with Mr. Shalaby and we obeyed that order, but we did not give up our rights to service of subpoenas."

  Plaintiff had agreed to present Roston and Marieiro and Shalaby for their depositions on the designated dates. Magistrate Judge Jensen had ordered plaintiff to present them for their depositions on those dates. It was clear the result of their nonappearance for these depositions would be preclusion of any expert evidence from them. If plaintiff wanted evidence from them to be used at his trial, he needed to present them to be deposed as he agreed and was ordered. Since they were his experts, it would be expected that getting them to show up voluntarily at a deposition on his behalf would require no more than plaintiff advising them of the dates. However, when the dates for the depositions arrived, Shalaby appeared and gave his deposition but Roston and Marieiro did not appear because, according to their after the fact 10/10/2020 letter to plaintiff, they were not subpoenaed.

  Magistrate Judge Jensen in a thorough report and recommendation reviewed the history of the motion to compel plaintiff to present his experts for deposition, plaintiff's agreements to produce the expert on specific dates, and his failure to do so. The report and recommendation discussed the prejudice to defendants caused by plaintiff's disobedience to the orders requiring plaintiff to produce his experts for deposition and concluded that "precluding Plaintiff from

---

[2] Order [551] barred Attorney Shalaby from representing Roston and Marieiro at their depositions in this case.

introducing any testimony, information, declarations, or documents from Mr. Roston or Mr. Marieiro under Rule 37(b)(2)(A)(ii)" was the appropriate sanction. Magistrate Judge Jensen concluded that lesser sanctions would likely be ineffective; that the multiple warnings given plaintiff leading up to the scheduled depositions had no effect on plaintiff's decision; and that a monetary sanction was unlikely to deter him from disobeying a court order in the future. The report and recommendation found defendants were significantly prejudiced by plaintiff's continually depriving defendants of their right to depose plaintiff's experts and thereby effectively prepare their defense even to the point that the deadline for deposing plaintiff's experts had passed.

Plaintiff has not argued that some lesser sanction would be more appropriate. His only argument in his objection is that he cannot be punished for not producing the experts for deposition because he does not have the ability to force anyone to waive a subpoena and appear. But, as the report and recommendation recounts, plaintiff had agreed to produce his experts for deposition on specific dates and had been ordered to do so based on his agreement. Defense counsel appeared on the specified dates for the depositions and Roston and Marieiro did not appear. Only after the October 9, 2020 deadline for plaintiff's experts' depositions to be completed had passed, did plaintiff advise defendants that Roston and Marieiro refused to be deposed without being subpoenaed.

Plaintiff offers as an explanation for Roston and Marieiro's not appearing for their scheduled depositions that they "already said they want to protect their UTS report submission to the CPSC and needed a subpoena to take to the court in California." However, he offers no explanation as to why they believed the report needed to be protected or how being subpoenaed for their deposition and taking the subpoena "to the court in California" would protect their report, or why plaintiff did not seek whatever protection his experts thought they needed from Magistrate Judge Jensen at the time he agreed to their deposition dates.

On plaintiff's objection, the court has conducted a de novo review of the report and recommendation and the relevant parts of the record in this case. The court accepts the report and recommendation. Precluding plaintiff from introducing testimony and documents from his experts Anthony Roston and Manuel Marieiro is the appropriate sanction for plaintiff's disobedience of the magistrate judge's order to produce them for their depositions. *E.g. Anglin v. Sears Roebuck & Co.*, 139 F.Supp.2d 914, 917-18 (N.D. Ill. 2001), modified on other grounds, 179 F.Supp.2d 836 (N.D. Ill. 2001). Defendants' motion [579] to preclude plaintiff from introducing testimony and documents from plaintiff's disclosed experts, Anthony Roston and Manuel Marieiro is granted.

### Objection [589] to Magistrate Judge Order [588]

Pursuant to Rule 72(a) plaintiff objects [589] to Magistrate Judge Jensen's order [588] denying in part and striking in part plaintiff's motion to disqualify defense counsel and to grant his motion for summary judgment [583]. In support of his motion, he submitted a portion of a document titled "Engineering Report II: Jason Peralta v. Worthington Industries, Inc.," dated April 15, 2019 and prepared by Jeffery A. Pfaendtner. Plaintiff contends, based on this report, that defense counsel knew that "the cylinder wasn't supposed to break because of the fracture

6

groove safety feature" and "that's the same thing as admitting my cylinder was defective, because my fracture groove didn't break either." "[T]hey are not telling the court that because my torch fracture groove didn't fracture it means the cylinder was defective and they are not disputing what I said happened. I am asking the court to disqualify them and grant my motion for summary judgment. My motion just says the same thing their expert says on the attached document. If they respond by saying that I didn't tell the truth, please make them replicate whatever they say I did and videotape it because it will prove that whatever they say I did can't cause the cylinder to break. They admit this on the attached document." Plaintiff also states that "not telling the court what their expert said 4-15-2019 is the same thing as not telling the truth." [586]

Magistrate Judge Jensen entered an order [588] denying plaintiff's motions finding he did not carry his burden of showing defense counsel committed an ethical violation. She found the claim defense counsel was misleading the court was not supported as the expert report plaintiff relies on is not a part of the evidence in this case. Magistrate Judge Jensen also found plaintiff did not have a pending motion for summary judgment and that his requests to reinstate his motion for summary judgment and to enter judgment in his favor were premature.

When a timely objection is made to a magistrate judge's order on a non-dispositive matter, the court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The district court "can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.* 126 F.3d 926, 943 (7th Cir. 1997).

The court does not have a firm conviction a mistake was made. Plaintiff has not made clear why an expert report prepared for defendants in a different case involving a different torch proves defendants knew the cylinder plaintiff was using when he was injured was defective and that their counsel should therefore be disqualified for not telling the court that defense counsels' clients knew the cylinder plaintiff was using was defective.

As to summary judgment, no motion was pending so no basis for granting summary judgment was present. As to plaintiff's request to reinstate his motion for summary judgment, finding it to be premature given the fact expert depositions had not been concluded and that the prior motion for summary judgment had been prepared based on the second amended complaint which had subsequently been replaced by the third amended complaint, was not clearly erroneous.

**Objection [599] to Order [596]**

Plaintiff objects [599] pursuant to Rule 72(a) to Magistrate Judge Jensen's order denying plaintiff's motion [592] which sought "to get the discovery you denied on your order doc. 567." On September 18, 2020, Magistrate Judge Jensen had denied plaintiff's motions to compel as untimely [567]. Plaintiff did not file a Rule 72(a) objection to this order. Instead, on November 13, 2020, well after the time for filing an objection had passed, he filed a new motion to obtain what had previously been denied. Magistrate Judge Jensen treated this as a motion to reconsider and denied it finding that it was not until six months after fact discovery closed and while the

parties were scheduled to depose plaintiff's experts that plaintiff filed a motion to reinstate his motions to compel which had been originally filed in September 2017. She found plaintiff did not dispute this timeline or otherwise point to any manifest error in her findings regarding untimeliness.

Rule 72(a) provides a 14-day period in which to file an objection to a magistrate judge's non-dispositive motion. This period cannot be extended by filing a new motion seeking the same relief denied by the magistrate judge in the original order and then objecting to the new order denying the relief. *Granite State Ins. Co. v. Pulliam Enterprises, Inc.*, No. 3:11-CV-432, 2015 WL 4946156, * 2 (N.D. Ind. Aug. 18, 2015). Plaintiff waived his opportunity to object to the denial of his motion to compel when he did not timely file an objection to Magistrate Judge Jensen's original order [567].

**Motion to Exclude [617] [618]**

Plaintiff moves to exclude defendants' experts arguing the experts were disclosed too late and disclosed new evidence and a new theory after plaintiff's experts finished their work and discovery had closed. Plaintiff identifies several statements in the expert report of Dr. Jeffrey Pfaendtner [616-1] which plaintiff characterizes as lies and provides a copy of a letter/expert report from Dr. Robert N. Anderson to Attorney Mark D. Epstein, dated June 25, 2008, in reference to the case Shalaby v. Irwin, et al., as evidence that Pfaendtner is lying about defects in the cylinder plaintiff was using when he was injured.

Plaintiff also states that defendants "added two new experts at 616-2 and 616-3 after my experts already finished and discovery was closed. Then one of those new experts disclosed new cases at 616-2 p.8 and they were required to disclose those cases in discovery at least 3 years ago." Plaintiff states that "they reference other tests like dropping a 16 lb weight on the cylinders (p. 9) and they didn't produce any of that evidence by the 2/26 deadline and still haven't. They didn't produce any of the photos and videos of any testing they did and they were required to produce all that on 2/26." Plaintiff asks that defendants be required to give him all the evidence defendants' experts used and allow his experts to look at it. He also asks that his experts be allowed to inspect the factory where the cylinder was manufactured because defendants' expert was allowed to do so. Plaintiff again asks [618] the court to allow him to depose Dr. Eager and repeats his request, made in his various filings discussed above, that Attorney Shalaby be allowed to represent him and that his motion for summary judgment be granted.

Plaintiff disputes the content of Pfaendtner's report claiming it contains lies concerning the incident in which plaintiff was injured and about the existence of a defect in the cylinder plaintiff was using when he was injured. As the court pointed out in its order [551] denying defendants' motion to bar Attorney Shalaby as an expert witness:

> "The court has a standing order directing that '[m]otions to exclude an expert witness, pursuant to Federal Rule of Evidence 702 and the principles announced in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), are not to be filed independently as a separate motion' but only with a Rule 56 motion for

>summary judgment or as a motion in limine filed with the final pretrial order. Standing Order for Motions to Exclude Expert Testimony, Standing Order - Daubert Motions - FJK and PGR.pdf (uscourts.gov) It is only at the point in the case where the expert witness's testimony is proposed to be offered as evidence, whether on summary judgment or at trial, that a determination as to its admissibility is ripe. The standing order seeks to avoid the expenditure of judicial resources on questions related to possible expert testimony until that time has arrived."

Plaintiff's motion to exclude Pfaendtner as an expert based on the content of his report is premature. Plaintiff can make such a motion at the proper time under the standing order.

Defendants' expert disclosures were served by the deadline, February 26, 2021, set by Magistrate Judge Jensen [606]. Fed. R. Civ. P. 26(a)(2)(D) provides that expert disclosures must be made "at the times and the sequence that the court orders. It is not clear on what basis plaintiff claims these disclosures should have been made at some unspecified earlier date. Defendants have timely made their expert disclosures.

Plaintiff lists a number of items referenced in Pfaendtner's report that defendants have not produced to him. However, plaintiff now will be able to depose Pfaendtner and the other disclosed experts and serve them with a request under Fed. R. Civ. P. 34 "to produce documents and tangible things at the deposition," Fed. R. Civ. P. 30(b)(2), to obtain these items. If any disputes arise, they may be presented to Magistrate Judge Jensen for resolution. Also, if he deems it appropriate, plaintiff may bring a motion to exclude defendant's expert testimony at the proper time as provided in the court's standing order discussed above.

Plaintiff also again asks to be allowed to depose Dr. Eagar. The history of plaintiff's attempts to depose Dr. Eagar was set out in the order [402] revoking Attorney Shalaby's PHV admission and will not be repeated here. That history shows Magistrate Judge Johnston entered an order [245] denying plaintiff's request to depose Dr. Eagar under Fed. R. Civ. P. 30 but offering plaintiff the opportunity to propound ten written deposition questions for Magistrate Judge Johnston to consider allowing to be submitted to Dr. Eagar for a written deposition under Fed. R. Civ. P. 31 on the limited issue whether Dr. Eagar had notified defendants of his opinion that the product at issue in this case was defective. Dkt # 402, p. 21. Plaintiff chose not to accept this offer nor file a Rule 72(a) objection to the order. The court declines to reconsider the question of deposing Dr. Eagar.

Plaintiff's request that his experts be allowed to inspect the factory where the cylinder was manufactured is denied at this point. Plaintiff may bring such a motion before Magistrate Judge Jensen if he believes he has a basis for it consistent with this order.

For the foregoing reasons, plaintiff's motion [613] to disqualify Judge Johnston is denied. Plaintiff's motion [605] to reconsider the revocation of the pro hac vice admission of Attorney Andrew Shalaby is denied. Plaintiff's motion [617] [618] to exclude defendant's experts is denied. Plaintiff's objection [589] to Magistrate Judge Jensen's order [588] and plaintiff's objection [599] to Magistrate Judge Jensen's order [596] are overruled. Plaintiff's objection [608][610] to Magistrate Judge Jensen's report and recommendation [602] is overruled, the

report and recommendation [602] is accepted and defendant's motion [579] to preclude plaintiff from introducing testimony and documents from plaintiff's disclosed expert witnesses Anthony Roston and Manuel Marieiro is granted. This case is returned to Magistrate Judge Jensen for the management of further pretrial matters.

      The court has exhibited great patience in dealing with the many pretrial motions filed by plaintiff. Many of these have been repetitive attempts to obtain relief previously denied multiple times. The court has the inherent authority to control the litigation of the cases before it. Further repetitive attempts by plaintiff to obtain previously denied relief may result in sanctions pursuant to that authority.

Date: 8/03/2021                        ENTER:

                                             *Philip G. Reinhard*
                                         United States District Court Judge

                                             Notices mailed by Judicial Staff. (LC)